## Henry v. Commonwealth.

(Decided April 19, 1916.)

### Appeal from Franklin Circuit Court.

1.  Indictment and Information—Sufficiency.—A discrepancy between the accusatory part of an indictment and the body of the indictment will not be fatal to the sufficiency of the indictment, unless of such a substantial and material character as to be misleading.

2.  Indictment and Information—Sufficiency—Housebreaking—Shopbreaking—Kentucky Statutes, Sections 1162 and 1164.—An indictment is not bad on demurrer because the accusatory part charges the offense of housebreaking and the body of the indictment contains a statement of acts constituting the offense of shop breaking, where the language employed in the body of the indictment is sufficiently clear, concise and certain to enable a person of common understanding to know the offense charged, and to enable the court to pronounce judgment on conviction according to the rights of the case.

3.  Indictment and Information—Sufficiency—Shop Breaking—Section 1164, Kentucky Statutes.—An indictment under section 1164, Kentucky Statutes, for shop breaking, which aptly alleges a felonious breaking with intent to steal, is sufficient on demurrer, even though it goes further and alleges an actual taking in insufficient language.

4.　Indictment and Information—Sufficiency—Shop Breaking—Section 1164, Kentucky Statutes.—It is not necessary that an indictment for shop breaking, under section 1164 of the Kentucky Statutes, should allege an entry by the defendant.

5.　Criminal Law—Record—Bill of Exceptions—Instructions.—In the absence of a bill of exceptions or order of court making the instructions a part of the record, they cannot be considered on appeal.

DULIN MOSS for appellant.

M. M. LOGAN, Attorney General; O. S. HOGAN, Assistant Attorney General; VICTOR A. BRADLEY and WILEY MARSHALL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

Frank Henry was convicted of housebreaking and his punishment fixed at confinement in the penitentiary for not less than two years nor more than two years and one day. He appeals.

Appellant challenges the sufficiency of the indictment, which is as follows:

"The grand jury of the county of Franklin, in the name and by the authority of the Commonwealth of Kentucky, accuse Frank Henry of the crime of housebreaking, committed as follows:

"The said Frank Henry in the said county of Franklin, on the 10th day of September, A. D., 1915, and within twelve months before the finding of this indictment, did unlawfully and feloniously and with intent to steal therefrom, break that certain shop in county of Franklin, belonging to the George T. Stagg Company, a corporation, and did take and steal therefrom certain brass valves and fittings, property of said company, with the fraudulent intent then and there to convert the same to his own use and to permanently deprive the owner of its property therein, against the peace and dignity of the Commonwealth of Kentucky."

It is first insisted that the indictment is defective because it charges two offenses, that of housebreaking under section 1162 of the Kentucky Statutes, and that of shop breaking under section 1164 of the Kentucky Statutes. In the case of Overstreet v. Commonwealth, 147 Ky. 471, 144 S. W. 751, we had occasion to consider a similar question. There the offense charged in the ac-

cusatory part of the indictment was arson, while the facts set out in the descriptive part of the indictment showed that the defendant had committed the offense of house burning. In holding the indictment good on demurrer the court laid down the rule that no discrepancy between the accusatory part of an indictment and the body of the indictment will be fatal to the sufficiency of the indictment, unless the discrepancy be of such a substantial and material character as to be misleading. We see no reason why the same rule should not apply to the facts of this case. While the accusatory part of the indictment does charge the offense of housebreaking, the body of the indictment contains a statement of the acts constituting the offense of shop breaking in language sufficiently clear, concise and certain to enable a person of common understanding to know the offense charged, and to enable the court to pronounce judgment on conviction according to the rights of the case. Drury v. Commonwealth, 162 Ky. 123, 172 S. W. 94.

The point is also made that the indictment fails to charge a felonious taking. Whether the language employed with reference to the taking is sufficient or not, we deem it unnecessary to decide. The gravamen of the offense is the felonious breaking with intent to steal. This the indictment sufficiently charges. The indictment being good in this respect, it is not bad on demurrer, even though the allegation with reference to the taking be insufficient.

Another ground of attack is that the indictment does not allege an entry by defendant. All that the statute requires is that there shall be a felonious breaking with intent to steal. It is not necessary either to allege or prove that the defendant actually made an entry into the warehouse or shop.

For the reasons indicated we conclude that the indictment is sufficient.

There being no bill of exceptions and no order making the instructions a part of the record, they cannot be considered. Hollin v. Commonwealth, 163 Ky. 392, 173 S. W. 1106.

Judgment affirmed.