## Whitaker v. Commonwealth.

(Decided December 15, 1916.)

### Appeal from Floyd Circuit Court.

1. Seduction—Criminal Responsibility—Sufficiency of Indictment for.
—Under section 1214 of the Kentucky Statutes it is immaterial
whether the marriage of one to a girl he has seduced was volun-
tarily contracted or resulted from threatened or actual prosecu-
tion and an indictment for the seduction is sufficient that follows
the language of the statute.

2. Appeal and Error—Instructions—Bill of Exceptions.—Where the
instructions are not included in the bill of exceptions, nor made
a part of the record by order of the court, they cannot be consid-
ered upon appeal although copied in the record by the clerk.

3. Appeal and Error—Argument of Counsel.—An objection to the
argument of counsel that is not included in the motion and
grounds for a new trial, nor in the bill of exceptions is not before
this court for review.

4. Husband and Wife—Abandonment.—Even if the wife leaves the
home of the husband, yet if his conduct toward and treatment
of her was such as to force her to leave, he will be held to have
abandoned her.

5. Seduction—Criminal Responsibility—Prejudicial Error.—Upon trial
of an indictment for seduction under section 1214 of the Kentucky
Statutes where the issue is whether or not the husband aband-
oned the wife at the separation, it is a prejudicial error to admit
over his objection evidence of his criminal intimacy with another
woman nearly two years after the separation.

W. H. MAY and W. W. WILLIAMS for appellant.

M. M. LOGAN, Attorney General, and O. S. HOGAN, Assistant
Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant was indicted and convicted of the crime of
seduction as denounced in section 1214 of the Kentucky
Statutes. He complains, first, that the court erred in
overruling his demurrer to the indictment and in over-
ruling his motion in arrest of the judgment because the
indictment does not sufficiently charge the offense; sec-
ond, that the court erroneously instructed the jury; third,
because of misconduct in the argument to the jury by
the attorney for the Commonwealth; fourth, because the
evidence is insufficient to take the case to the jury or sup-

port the verdict; fifth, prejudicial error in admitting incompetent evidence.

1. It is argued that the indictment is defective in that it fails to allege that the defendant married the complaining witness as a result of, or to avoid prosecution for, the seduction, it being admitted that the seduction is sufficiently charged, but insisted that it is necessary in order to avoid the exceptions contained in the statute under which the prosecution is laid that it must be charged that the marriage was the result of a warrant or threatened prosecution for the seduction. This, however, is not necessary under the statute since it provides that no prosecution shall be instituted "where the person charged shall have married the girl seduced, or offer and be willing to marry her, unless he shall willfully and without such cause as constitutes a statutory ground of divorce to the husband, abandon or desert her within three years after the date of the marriage." It will be seen that in order to avoid a prosecution for this offense, a person having seduced a girl must marry her and live with her as her husband for three years unless he has a statutory ground for divorce from her, and that there is nothing in the statute making any difference where the marriage is voluntarily contracted after the seduction or results from existing or threatened prosecution, but that, however assumed, it is necessary that the marriage relationship shall continue, in the absence of statutory grounds for divorce to the husband, for at least three years to afford immunity from prosecution for the seduction. Commonwealth v. McNutt, 133 Ky. 702.

2. The instructions are criticized, and we find what purports to be a copy of the instructions in the clerk's transcript of the record, but they are not in the bill of exceptions, nor were they made a part of the record by an order of the court, hence they cannot be considered upon this appeal. Holland v. Commonwealth, 163 Ky. 372, and Henry v. Commonwealth, 169 Ky. 548.

3. The statements of counsel for the Commonwealth in his argument to the jury, to which objections are urged, cannot avail defendant to procure a reversal of the judgment, for the reason that this objection is not included in the motion and grounds for a new trial, nor in the bill of exceptions, as must be done to bring it before this court for review. Combs v. Commonwealth, 160 Ky. 386.

4. The contention for appellant that the evidence was not sufficient to carry the case to the jury or to support the verdict is untenable. While it is true the evidence shows that the wife left the home of the defendant's father where they were living upon the day of the final separation in the absence of the defendant, and without having told him that she was going to leave him, the evidence of the wife that the defendant seemed to be mad all of the time and would hardly speak to or notice her or their child, cursed and refused to give her money with which to buy clothing for herself or child, and told her that he did not intend to buy her or the child any clothing; that he had no place for them, and that if she had any home she had better go to it, in connection with other evidence of defendant's neglect and bad treatment of his wife during the time they lived together and within a reasonable time after the separation, was sufficient to justify a submission of the case to the jury and to sustain the verdict. For it is a well established rule in this state that even if the wife leaves the home of a husband, yet if his conduct toward, and treatment of her, was such as to force her to leave, he will be held to have abandoned her.

5. Over the objection of the defendant, the Commonwealth was permitted to prove that in July, 1916, almost two years after the separation of the accused and his wife, the defendant was criminally intimate with another woman in the state of Ohio. This evidence was clearly incompetent, and very prejudicial to the defendant, and might have inflamed the minds of the jury against the defendant, and influenced their verdict. Nor can it be said that the introduction of this evidence was rendered not prejudicial by the fact that the court after overruling defendant's motion to exclude same, admonished the jury that "this evidence is to be considered as to whether or not this man had a settled aversion against his wife." It was the contention of the Commonwealth that the defendant's treatment of his wife amounted to an abandonment by him of her in October, 1914, while it is the contention of the defendant, not unsupported by evidence, that his wife left him without reason or fault upon his part, and upon which of these theories is true depends the guilt or innocence of the defendant, and this was really the only question to be decided by the jury, as upon every other question there was practically no contrariety

in the evidence. Evidence of the defendant's behavior after separation was therefore admissible only insofar as it had a tendency to show his attitude toward his wife at the time and before the separation, and evidence of his conduct with another woman nearly two years after the separation was clearly incompetent for that purpose.

For the reasons indicated the judgment is reversed and the case remanded with directions to grant appellant a new trial.