**Roy Edward EVANS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1973.

Melinda JONES, etc., et al., Appellants,

v.

Henry E. Hughes, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Deputy Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

"Entering" is not a required element of the offense of storehouse breaking, defined in KRS 433.190, for which appellant was indicted. See Henry v. Commonwealth, 169 Ky. 548, 184 S.W. 870; Kidd v. Commonwealth, 273 Ky. 300, 116 S.W.2d 636. The words "and entered" in the charge of the indictment that the appellant "broke and entered" the storehouse therefore may be treated as surplusage. Cf. Stringer v. Commonwealth, 192 Ky. 318, 233 S.W. 718; Profitt v. Commonwealth, Ky., 281 S.W.2d 898. Those words being surplusage, it was not necessary for the Commonwealth to prove an entry.

The cases cited by the appellant, holding that an instruction permitting conviction as a principal is prejudicially erroneous where the evidence tends *only* to prove the defendant guilty as an aider and abettor, do not support the proposition, argued by the appellant, that where the evidence *warrants* conviction of the defendant as a principal, an instruction on aiding and abetting is required. Here the evidence warranted a conviction of the defendant as a principal; hence, it was not necessary to instruct on aiding and abetting.

The judgment is affirmed.

All concur.