## McFarland v. Commonwealth.

(Decided January 18, 1929.)

F. M. JONES for appellant.

J. W. CAMMACK, Attorney General (A. M. SAMUELS, of counsel), for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant was indicted in the Harlan circuit court, under section 1164, Kentucky Statutes, for unlawfully and feloniously breaking and entering into a storehouse with intent to steal therefrom articles of value. Upon his trial he was convicted, and his punishment fixed at confinement in the penitentiary for a period of two years. He now insists that he should have been granted a new trial by the lower court, and that the judgment of conviction should be reversed by this court upon the following grounds: (1) That the trial court erred in refusing to give a peremptory instruction directing his acquittal, because there was no evidence upon which to base a conviction; and (2) that the court erred in instructing the jury.

The facts as proved by the commonwealth were, in brief, that the store of the East Harlan Coal Company, at Draper, Harlan county, was broken into during the night of May 10, 1928, and numerous articles of merchandise therein stolen. A hole sufficiently large to permit the entrance of a person's hand was bored with an auger through the door of the store, and the latch was lifted from the inside. On the following day the witness Charles Brown was walking along the railroad track near the scene of the crime, when he noticed the appellant and his younger brother, George McFarland, leave the railroad track and go to a stump in a thicket some 75 or 80 yards away, and take various articles from under the stump and conceal them about their persons. When they observed Brown watching them, they ran away. Brown went to the stump, and found several articles of merchandise secreted there, which were later identified as articles that had been taken from the store of the East Harlan Coal Company.

Officers instituted a search for appellant and his brother, but they were unable to locate them at their usual place of abode, although they went to their home about midnight the following night. They were arrested a day or two later. Several members of appellant's family testified that appellant came home at 9 o'clock on the night the store was robbed and was at home during the remainder of the night.

An examination of the testimony convinces us that a reversal should not be had upon the first ground. Appellant was seen with some of the stolen property in

his possession, and his explanation of why he went to the stump, where the stolen property was secreted, is unsatisfactory. He claims that he saw some fruit on the ground, and that he picked this up; but it is unreasonable to suppose that he could have seen this at a distance of 75 or 80 yards. There was sufficient evidence to warrant the jury in believing that appellant was guilty of the crime with which he was charged, and, as they were the judges of the weight to be given to it, their verdict cannot be disturbed.

By instruction No. 1 given by the trial court the jury were told that, if they believed from the evidence beyond a reasonable doubt that the defendant "did unlawfully and feloniously break and enter into the storehouse of the East Harlan Coal Company, a corporation at Draper, in Harlan county, Kentucky, with felonious intent to take, steal, and carry away therefrom articles of value without the consent or knowledge of the said East Harlan Coal Company," they should find him guilty. Appellant insists that this instruction is erroneous, in that the word "forcibly" is omitted therefrom. Section 1164 of the Statutes, which defines the crime of housebreaking, does not use the word "forcibly," or any word of like import. In the indictment the words, "with force," were used; but they were unnecessary, since an indictment in the language of the statute is generally sufficient, especially if every fact necessary to constitute the offense is charged or necessarily implied by following the language of the statute. Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W. 71. The verb "to break" implies force, and to use in addition thereto the words "with force," or "forcibly," would amount to mere tautology. The Arkansas statute defining the crime of housebreaking contains the words "with force break and enter," but in Shotwell v. State, 43 Ark. 348, it was held that the omission of the words "with force" was immaterial, since the verb "to break" implied force. To the same effect is Ducher v. State, 18 Ohio, 308. The instruction complained of is substantially the same as the instruction found in Hobson on Instructions, sec. 709, which in turn is a copy of the instruction approved in Branson v. Commonwealth, 92 Ky. 330, 17 S. W. 1019, 13 Ky. Law Rep. 614.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.