## Patterson v. Commonwealth.

(Decided Nov. 21, 1933.)

T. F. BIRKHEAD and CLAUDE E. SMITH for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appeal is from a judgment of conviction of storehouse breaking, carrying a sentence of one year in prison. The appellant and another young man, Almon Buckley, living in the village of Island, McLean county, came in from a dance about midnight of May 21, 1932, and, according to Buckley, the appellant broke a window in the general store of H. E. Nall, entered it, and brought out a lot of cheese, crackers, bologna sausage, coca cola, and two bags of flour. They exchanged the flour with bootleggers for beer and whisky and then went into the picture theater of Patterson's father, ate and drank to their satisfaction, and went to sleep. The next morning about 9 o'clock they were awakened by the officers who found the remains of the food. The appellant had been drinking earlier in the night and denied any memory of what he had done after arriving in the village, except that he remembers he was forced to go somewhere to go to sleep. Two grounds of reversal of the judgment are argued.

Upon the theory of medical authorities that sometimes drinking of intoxicating liquor creates a period of amnesia, during which the victim may move about and do anything in a normal way without having any purpose of doing or any memory of what he had done, it was undertaken to establish by the defendant's father, aunt, and a doctor, that whisky generally had such effect upon him. The court sustained objections to the questions eliciting that fact or opinion, the answers to which are in the record as avowals. There was quite a bit of this kind of evidence that reached the jury without objection, but the specific evidence appears to have been properly rejected. The question for the jury was whether at the time of the commission of this offense the accused was too drunk to entertain or form a felonious intention to break into the storehouse and steal or take goods therefrom, as is denounced by the statute, and not how he might have been affected upon other occasions.

The jury was instructed that it should consider evidence as to the defendant's being drunk at the time the offense was charged to have been committed for the purpose of determining his mental condition at that

time and the motive which actuated him in the offense, if any was committed by him, and if the jury believed from the evidence "that at said time, by reason of the drunkenness the defendant's mental condition was such that he did not know what he was doing at the time" to find him not guilty.

The gravamen of the crime with which the accused stood charged is the felonious breaking with the intent to steal, and not the stealing. Section 658, Roberson's Criminal Law; Henry v. Commonwealth, 169 Ky. 548, 184 S. W. 870. The mere act without that essential element of intention does not constitute the statutory crime. Section 1164, Statutes; Sections 23, 66, 658, 664, Roberson's Criminal Law; Mearns v. Commonwealth, 164 Ky. 213, 175 S. W. 355. But proof of the act creates the inference of criminal intention. So it devolved upon the accused to show that it was not done animus furandi. This he undertook to do by evidence that he was so drunk that he could not and did not have any such wrongful intent. This plea of voluntary drunkenness or temporary insanity produced by it was not recognized at common law as an excuse or of any other benefit whatever to one accused of crime. While not regarded with favor by our courts today, and for good reasons it is not to be considered as an excuse or justification, the possible existence of that state of temporary aberration or lack of sufficient will power to control the accused's actions is recognized where motive or intent is an essential ingredient of crime with which he stands charged. Section 59 et seq., Roberson's Criminal Law. Upon evidence authorizing it, the court should instruct the jury in such cases that, if at the time of the offense the defendant was too drunk to have that intent, he should be found not guilty of that particular crime. Kehoe v. Commonwealth, 149 Ky. 400, 149 S. W. 818; Terhune v. Commonwealth, 144 Ky. 370, 138 S. W. 274; Mearns v. Commonwealth, supra; Harris v. Commonwealth, 183 Ky. 542, 209 S. W. 509; Barnett v. Commonwealth, 195 Ky. 699, 243 S. W. 937; Brennon v. Commonwealth, 169 Ky. 815, 185 S. W. 489; Hayes v. Commonwealth, 171 Ky. 291, 188 S. W. 415; Graham v. Commonwealth, 200 Ky. 161, 252 S. W. 1012; Blackburn v. Commonwealth, 200 Ky. 638, 255 S. W. 99; Lawson v. Commonwealth, 222 Ky. 614, 1 S. W. (2d) 1060; Slone v. Commonwealth, 238 Ky. 727, 38 S. W.

(2d) 709; Cannon v. Commonwealth, 243 Ky. 302, 47 S. W. (2d) 1075.

The instruction given in this case directed the jury that they should find the defendant not guilty if he was so drunk that "he did not know what he was doing." We think there is a difference between knowing what he was doing and having the intention to do what he was doing. The instruction should have followed the language of the several opinions, the gist of which is herein stated.

For this reason the judgment must be, and is, reversed.