## Hatton v. Commonwealth.

### (Decided Feb. 23, 1934.)

LEEBERN ALLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Boyd Hatton was convicted of the crime of housebreaking and sentenced to a term of two years in the penitentiary.

As grounds for reversal, he urges that the trial court erred in failing to instruct the jury to find a verdict in his favor at the conclusion of the commonwealth's evidence and that the court further erred in orally instructing the jury. The first ground is bottomed on the theory that there was no evidence introduced by the commonwealth to corroborate the testimony of the accomplice, Dalton, as required by section 241 of the Criminal Code of Practice. The evidence appears in the bill of exceptions in narrative form and is very brief. Four witnesses were introduced by the commonwealth and none by the appellant.

Jesse Hounshell testified that some time during the month of August, 1933, some one entered his dwelling

house and stole a large amount or his household goods, and that on the following day Dorsie Dalton returned a portion of the property and told Hounshell that he had assisted another person in entering Hounshell's house. Dalton was convicted of the crime of housebreaking and at the time appellant was tried was serving a term in the state penitentiary. He was introduced as a witness by the commonwealth and testified that Hatton broke ino the house and removed various articles of household goods and that he (Dalton) was nearby while the appellant did the breaking and entering. Monroe Rose testified that he saw the defendant and Dorsie Dalton pass along the road within about three-quarters of a mile of the residence of Jesse Hounshell on the day that it was reported that Hounshell's house was entered. Nelson Rose testified that he saw the defendant on the same day on the public highway about two miles from the residence of Hounshell.

The case turns upon the question as to whether there is sufficient corroboration of Dalton's evidence to support a conviction. Under section 241 of the Criminal Code of Practice, a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. Section 241 further provides that the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. The testimony of Hounshell merely showed that the offense was committed. He knew no facts tending to show who committed it. Eliminating from the case the evidence of Dalton, the accomplice, the only other evidence is that of Monroe Rose and Nelson Rose. Monroe Rose saw appellant, accompanied by Dalton, passing along the road about three-quarters of a mile from the Hounshell house on the day it was reported that it had been broken into. He did not state how near in time this was to the commission of the crime. Nelson Rose merely stated that he saw appellant on the public highway about two miles from the Hounshell house on the same day the crime was committed. This evidence was insufficient to connect the defendant with the offense. Shields v. Com., 203 Ky. 118, 261 S. W. 865. The case of Commonwealth v. Shouse, 231 Ky. 690, 22 S. W. (2d) 99, is cited, and it is argued for the commonwealth that the evidence in that case tending to connect the defendant with the com-

mission of the crime, and which was held sufficient corroboration of the testimony of the accomplice, is similar to the evidence in the instant case; but an examination of that case shows that the evidence tending to connect the defendant with the commission of the crime was much stronger than the evidence here.

We conclude that the trial court erred in overruling appellant's motion for a peremptory instruction. In view of our conclusion it is unnecessary to discuss or determine the second ground for reversal urged by appellant.

The judgment is reversed, with directions to grant appellant a new trial.