## Kidd v. Commonwealth.

(Decided April 26, 1938.)

JOE S. FEATHER and GORDON D. ROWLAND for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appeal is from a conviction imposing a penalty of two years in the penitentiary for violating section 1164, of the Statutes, providing that:

"If any person shall feloniously, in the night or day, break any * * * storehouse * * * with intent to steal * * * any * * * merchandise or other thing of value, * * * he shall be confined in the penitentiary not less than one nor more than five years."

About half past 2 o'clock one night in June last, a merchant policeman or watchman, in Corbin, heard a noise and then a crash of glass. He went quickly around to the apparent place and saw the appellant, Malcolm Kidd, running away. Two small panes of glass near the lock were broken out of the door of the drug store of the Dyche Drug Company. He and another watchman gave chase and arrested Kidd, who,

when asked why he had broken out the glass, denied knowing anything about it. It appears also that after his arrest the young man escaped and fled; but the second chase was also successful and he was placed in jail. There were screen doors in the store, and the officer, in rebuttal, testified that he heard and saw one of those doors slam when the defendant ran.

When asked, as a witness, if he had broken the glass in the door, the defendant replied, "Yes, I just started to go past there and I was drunk and wanted to hit something, and I just hit that door and went on." He testified he walked away when the officer called to him, and "I started running just like any drunk would; I didn't want him to catch me because I was drunk."

The defendant had a bad reputation and had previously been convicted of a felony.

The argument is made that the evidence was not sufficient to show a breaking or an intent to steal anything in the store, but sufficient only to show the destruction of property. The instruction submitted both offenses.

The gravamen of the crime with which the defendant was charged is the felonious breaking with the intent to steal, and the mere act without that essential element of intention does not constitute a statutory offense. Patterson v. Commonwealth, 251 Ky. 395, 65 S. W. (2d) 75, 76. We there further wrote:

"But proof of the act creates the inference of criminal intention. So it devolved upon the accused to show that it was not done animus furandi."

In that case the act of breaking and taking merchandise was admitted, but the defendant pleaded he was too drunk to have the necessary criminal intent. In this case the accused does not go so far. He does not undertake to bring himself within the definition of the wag:

"Not drunk is he who from the floor
Can rise again and drink one more;
But drunk is he who prostrate lies
And who can neither drink nor rise."

According to the defendant, the liquor only created the irresistible urge to punish the defenseless glass in the door, close to the lock. According to the officers it

stimulated his running capacity, or, in race track jargon, it so "hopped him up" as to put him in a class with Man O' War. The defendant's flight, denial, escape, and other circumstances justified the jury in determining his intention to have been criminal.

The appellant submits as authority that there was no breaking into the store the case of Gaddie v. Com., 117 Ky. 468, 78 S. W. 162, 25 Ky. Law Rep. 1585, 111 Am. St. Rep. 259. In that case the accused had drawn some nails out of and pried loose an outside strip which held a window firmly in place so that the window was left unprotected and could have been easily lifted out, but there was no opening made into the interior of the building. The evidence also showed the act was done with the intent to steal. Analyzing the various authorities, particularly a case where an accused had broken open the outside shutter of a window but had proceeded no further, leaving the window intact, the court held there had been no breaking and that the defendant was entitled to a directed verdict of not guilty. The appellant argues that merely breaking the glass did not remove the obstruction to entrance, and that it was not possible for him to have gained entrance without further force and additional effort, as stated to be necessary in the Gaddie opinion, and also in Commonwealth v. Mackey, 171 Ky. 473, 188 S. W. 676. The Gaddie Case is distinguishable from this case. Here there was the opening of the screen door and the breaking of the glass, which made an aperture into the building. In the Mackey Case the accused was caught inside a meat house in the act of stealing. Generally, the question of "breaking" has arisen where the accused had actually entered the building and there was involved only the manner in which he had gained entrance.

It is to be noted, however, that this statute is different from others, e. g., section 1163, Statutes, which provides a penalty for "Any person who shall forcibly break and enter into any railroad depot [or] car," etc., and the common-law crime of burglary, which is "a breaking and entering the mansion house of another in the night with intent to commit some felony within the same, whether such felonious intent be executed or not." Hayes v. Commonwealth, 171 Ky. 291, 188 S. W. 415, 417. This statute makes it a crime simply to "break any" storehouse with an intention to steal. So it was held in Mullins v. Commonwealth, 20 S. W. 1035,

14 Ky. Law Rep. 569, that actual entry is not necessary to constitute the offense; the purpose of the Legislature being to make a felony of that which was only a trespass at common law. But the word ''break'' implies force. McFarland v. Commonwealth, 227 Ky. 411, 13 S. W. (2d) 277. As used in the statute, it has a well-known and definite meaning at common law with reference to the crime of burglary, and the same definitions apply to this statute. Sections 658, 659, Roberson's Kentucky Criminal Law. The modern concept is that the slightest force is sufficient, and there is generally included among the illustrations the removal or breaking of a pane of glass or unloosening any other fastening to doors or windows, or pushing open a closed but unfastened door. Section 634, Roberson; Com. v. Mackey, supra; Gibson v. Com., 204 Ky. 748, 265 S. W. 339. In Collins v. Commonwealth, 146 Ky. 698, 143 S. W. 35, 38 L. R. A., N. S., 769, we held that pulling open a screen door though not fastened, if done with felonious intent, is within the statute.

We are of opinion that the evidence was sufficient to show the defendant guilty of violating the statute under which he was indicted.

Judgment affirmed.