## Zeutzius v. Commonwealth.

Nov. 14, 1939.

3.  Homicide.—In homicide prosecution, evidence was insufficient to require an instruction on drunkenness, where defendant had testified that he was not drunk at the time of the killing, but was merely drinking, and his testimony as a whole indicated that he had sufficient mind and memory to give a connected narrative of everything that happened.

J. Rivers Wright for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Affirming.

The appellant, Theodore Zeutzius, was indicted by the grand jury of Jefferson County, Kentucky, for the murder of Charles E. Fowler. Upon a trial of the case he was convicted of voluntary manslaughter and his punishment fixed at confinement in the state penitentiary for ten years.

There is no complaint as to the sufficiency of the evidence and the only grounds relied on for reversal are, (1) the court failed and refused to instruct the jury on the law of self-defense, and (2) the court failed to instruct the jury on drunkenness of appellant. We will discuss these points in the order named.

(1) Counsel is in error in his insistence that the

court failed to instruct the jury on the law of self-defense. By Instruction No. 1 the court gave to the jury the usual instruction on murder and voluntary manslaughter. Instruction No. 2 defined certain words and phrases used in Instruction No. 1. Instruction No. 3 reads as follows:

> "If the jury shall believe from the evidence that at the time the defendant shot said Charles E. Fowler if he did so, he in good faith believed, and had reasonable grounds to believe, that he was then and there in danger of death, or the infliction of some great bodily harm, at the hands of said Fowler, and there appeared to defendant, in the exercise of a reasonable judgment at the time and under the circumstances no other safe means of averting the danger, either real or to him apparent, except to shoot, wound or kill said Fowler the jury will find the defendant not guilty."

Other instructions were given, but no complaint is made in regard to them. However, upon examination of the instructions for ourselves, we find them to be substantially correct.

(2) It is the established rule that when there is any evidence tending to show that an accused was so drunk at the time of the commission of the act that he did not know what he was doing or was incapable of entertaining felonious intent, the court should instruct the jury on that theory of defense. However, this case does not come within that category. Appellant was asked and answered as follows:

> "Q. Were you drunk at the time of this trouble? A. No, sir.

> "Q. Are you positive of that? A. I was drinking. I was not drunk."

In addition to the positive testimony of appellant that he was not drunk, but "drinking" only, his evidence as a whole indicates that he had sufficient mind and memory to give a connected narrative of everything that happened. He related in detail all the facts and circumstances that might tend to excuse his conduct. See Barnett v. Commonwealth, 195 Ky. 699, 243 S. W. 937; Hayes v. Commonwealth, 171 Ky. 291, 188 S. W. 415.

The evidence being insufficient to require an instruc-

tion on drunkenness, the trial court did not err in failing to give such an instruction.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.