## Conrad v. Commonwealth.

Oct. 21, 1941.

C. P. Moore for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

Opinion of the Court by Van Sant, Commissioner—Reversing.

Appellant was convicted of the crime of breaking a storehouse and taking money therefrom. The indictment charged that he and Dewey Lynch aided and abetted Paul Flanery in the forceable breaking, entering and stealing from the storehouse of Frank Wilson. Flanery pleaded guilty. Conrad and Lynch pleaded not guilty and were tried together. Although the evidence against both defendants was identical and they were tried at the same time by the same jury, for some inexplicable reason the jury convicted Conrad and acquitted Lynch.

Appellant complains that the evidence was not sufficient to submit the case to the jury and that the court erred in not directing the jury to find him not guilty, because the testimony of his accomplice, Paul Flanery, a witness for the commonwealth, was not corroborated by any other testimony connecting the defendant with the commission of the offense; and with this contention we agree.

Section 241 of the Criminal Code of Practice reads:

"A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

To give the above section its full force and effect it is necessary to eliminate the accomplice's testimony and to determine whether there is sufficient evidence remaining to connect the accused with the commission of the offense. Commonwealth v. McGarvey, 158 Ky. 570, 165 S. W. 973.

The other testimony in the case merely shows that both before and after the crime, Flanery, Lynch and Conrad were seen together. We deem it unnecessary to relate the details of their actions at those times. Suffice it to say that there was no testimony which tended to show that Conrad and Lynch acted in unison with Flanery in any endeavor, and certainly no witness, other than Flanery, testified to any fact from which the inference could be drawn that the crime of breaking and en-

tering was in contemplation. On the contrary, the testimony of Mrs. Wilson, the wife of the owner of the store, leads us to the belief that neither Conrad nor Lynch participated in the commission of the offense. She testified that on the day the crime was committed Flanery visited the store and remained there until she closed for the day. After closing the store she departed for her residence, but Flanery remained on the front porch of the store. In about 10 minutes he came to her house but departed shortly thereafter. Although she did not see him from the time she left the store until the time he came to her house, she stated that no one was with him at the times she observed him and she did not see Conrad or Lynch with him that day.

We are of the opinion that considering all the circumstances of the case, the mere showing that appellant was in the presence of the accomplice before and after the commission of the crime was insufficient to connect him with its commission within the meaning of Section 241 of the Criminal Code of Practice. Hatton v. Commonwealth, 253 Ky. 103, 68 S. W. (2d) 780.

Wherefore the judgment is reversed for proceedings not inconsistent herewith.