## Hall v. Commonwealth.

June 21, 1949.

P. H. Vincent for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

James Hall was convicted of storehouse breaking and his punishment was fixed at confinement in the penitentiary for four years. In seeking to reverse the judgment he urges; first, that the testimony of the accomplices was not corroborated; second, he should have been acquitted because he was too drunk to have the criminal intent necessary to commit the offense of storehouse breaking.

The testimony of the two accomplices, Bud Hall and Kelsie Bishop, was to the effect that they and James Hall were drinking on the night of April 22, 1948. They were out in Bud's car and around 1:30 A. M., parked it across from the warehouse of the Ohio Valley Tobacco Company in Ashland. Kelsie and James crossed to the warehouse, one of them knocked out a glass in the window, Kelsie entered through the opening and passed cases of cigarettes out of the warehouse to James, while Bud remained in the car.

Two Corey sisters, who lived near the warehouse, heard the noise when the glass was broken, saw three suspicious-looking men lurking near the warehouse and one of these women called the police. When the officers arrived they found Kelsie hiding in the warehouse and Bud on the front seat of the locked car pretending to be asleep or drunk and James in the same condition on the floor of the car behind the front seat with two cases of cigarettes on the back seat. The officers testified there were cigarettes strewn on the street from the warehouse to the parked car in which appellant and Bud were found.

To determine whether the testimony of an accomplice is corroborated as required by sec. 241 of the Criminal Code of Practice, we have written that the testimony of the accomplice should be eliminated and after that is done if there is sufficient evidence tending to connect the accused with the commission of the crime, there is corroboration. Miller v. Commonwealth, 285 Ky. 251, 147 S. W. 2d 394; Conrad v. Commonwealth, 287 Ky. 848, 155 S. W. 2d 454. Eliminating the testimony of the two accomplices, there is left the testimony of the two Corey sisters of the break-in; the testimony of the officers who found appellant in the locked car in possession of stolen property; and the trail of the cigarettes leading from the warehouse to the car where the officers found appellant with two cases of cigarettes. Clearly, there was sufficient corroboration of the testimony of the accomplices that appellant participated in the break-in. We have held that the possession of stolen goods by the accused is sufficient corroboration of an accomplice to sustain a conviction of storehouse breaking. Broughton v. Commonwealth, 303 Ky. 18, 196 S. W. 2d 890; Scott v. Commonwealth, 303 Ky. 4, 73, 198 S. W. 2d 53.

Appellant testified that he was so drunk he went to sleep in the car on Fifteenth Street an hour or two before the warehouse was entered and when he woke up the police had him and he did not know what had happened, saying, "it was all like a dream to me." The accomplices likewise testified appellant was drunk, as were they. Practically all of the officers who saw appellant when and immediately after he was arrested testified that he was sober. In view of the direct conflict of the

evidence as to whether appellant was drunk or sober, the court instructed the jury to the effect that if by reason of drunkenness appellant's mental condition was such that he did not have the intent to break into the storehouse with the fraudulent purpose of stealing therefrom, or to aid, abet or encourage the other defendants so to do, the jury should acquit him.

Appellant was tried for breaking into the storehouse with intent to steal. Without that intent he could not commit the crime and if he were too drunk to have an intent to steal, he could not have been guilty. Hence, the court's instruction on the question of drunkenness on the part of appellant was proper. Patterson v. Commonwealth, 251 Ky. 395, 65 S. W. 2d 75; Kidd v. Commonwealth, 273 Ky. 300, 116 S. W. 2d 636.

Appellant makes no complaint of the instruction relative to drunkenness, and admits it met the requirements as set out in the Patterson case, 251 Ky. 395, 65 S. W. 2d 75. However, he argues that because the jury did not acquit him on the ground of drunkenness this showed prejudice on the part of the jury. With this we cannot agree. As shown in the second paragraph above, the testimony on this question was in direct conflict and manifestly it was within the province of the jury to accept the testimony of the police officers that appellant was not drunk and reject that of appellant and his accomplices that he was drunk.

For the reasons given, the judgment is affirmed.