**Bert LUSTER and Don (Donald) Smith, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 11, 1960.

Jasper H. Preece, Earle Cassady, Inez, for appellants.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

The appellants, Bert Luster and Donald Smith, were given two-year sentences upon conviction of violating KRS 433.190, which prohibits the breaking of "any warehouse, storehouse, office, shop * * *, whether such place is or is not a depository for goods, wares or merchandise, * * * with intent to steal * * *."

The indictment charged the breaking and entering of a "pool hall." The ap-

pellants contend that their demurrer to the indictment should have been sustained because the statute applies only to places in which goods, wares and merchandise are usually deposited for safekeeping or for sale, and a "pool hall" does not come within that category. However, the cases upon which they rely were decided under a former statute. As will be noted from the partial quotation in the first paragraph of this opinion, the present statute expressly states that it is immaterial whether the place is or is not a depository for goods, wares or merchandise. The statute has been held to embrace such places as a saloon and a blacksmith's shop. See Drury v. Commonwealth, 162 Ky. 123, 172 S.W. 94, and Blair v. Commonwealth, 171 Ky. 319, 188 S.W. 390. We think a pool hall is clearly, as a matter of law, a "storehouse" or "shop" within the meaning of the statute. Accordingly, the indictment was proper. By the same token, there is no merit in the appellants' suggestion that the question of whether the pool hall was a "storehouse" or "shop" should have been submitted to the jury.

■ The instructions required the jury to find that the property taken from the pool hall was taken with "the felonious intention of wholly depriving the owner thereof and converting the same to their own use and benefit." The appellants maintain that the instruction was erroneous in not using the word "permanently" instead of "wholly." It is true that in Bowman v. Commonwealth, 309 Ky. 611, 218 S.W.2d 666, this Court recommended that the word "permanently" be used in such an instruction. However, the only purpose of such an instruction is to inform the jury that the statute requires that the breaking be "with intent to steal," or that there be a "felonious taking," and we think the wording of the instruction in the instant case sufficiently conveyed that information. See Young v. Commonwealth, Ky., 313 S.W.2d 580.

The remaining questions have to do with the sufficiency of the evidence.

Two watches and two guns were taken from the pool hall. An accomplice testified that around 3:30 in the morning, on the day in question, he went to the vicinity of the pool hall in the company of Luster and Smith. They left him standing on the street and shortly returned with two watches and two guns. They gave him one of the watches and he and another man later pawned it in Cincinnati.

Another witness testified that Luster, a few days later, traded to him a watch and a gun. They were sufficiently identified by the owner of the pool hall as being part of the stolen goods.

■ Luster's argument that this evidence was not sufficient to sustain his conviction is based on the proposition that because the accomplice was shown to have lied to appellants' counsel before the trial, and because parts of his testimony were inherently improbable, his testimony had no probative value. We do not find any inherent improbability in the testimony of the accomplice, and we think the question of the extent to which his credibility was affected by his lies before trial was for the jury. It is our opinion that the evidence was sufficient to sustain the conviction of Luster.

■ As to the appellant Smith, a different situation exists because of the lack of any evidence, other than the testimony of the accomplice, to show that the stolen goods were ever in his possession. Under section 241 of the Criminal Code of Practice, a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence "tending to connect the defendant with the commission of the offense." Here, the only other evidence tending to connect Smith in any way with the commission of the crime was testimony that he was with the accomplice early in the evening on the night the crime was committed, and that he slept that night at the Luster home. This cannot be considered to be sufficient corroboration to

sustain the conviction of Smith. See Conrad v. Commonwealth, 287 Ky. 848, 155 S. W.2d 454.

As to the appellant Luster the judgment is affirmed. As to the appellant Smith the judgment is reversed, for proceedings consistent with this opinion.