Edward **HOPPER**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1967.

Dee L. McNeill, Hickman, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Edward Hopper was convicted of aiding and abetting Charles Davis and Mack Arrington in the commission of the robbery of Taylor Walker. He appeals from a judgment sentencing him to serve ten years in the penitentiary. Davis and Arrington had previously pleaded guilty. Davis was found to be an accomplice of Hopper.

The crucial question raised on this appeal is whether Davis' testimony is corroborated as required by RCr 9.62. This rule reads:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. In the absence of corroboration as required by law, the court shall instruct the jury to render a verdict of acquittal."

Upon trial Davis testified that Hopper had not only instigated and planned the robbery but had participated in it. Specifically Davis stated that he, Arrington and Hopper had met in Cairo, Illinois, and Hopper told them of his plans to rob Taylor Walker. After these plans were discussed they drove in Hopper's car to a place on Bluff Road near Columbus, Kentucky, where Walker operated a fishing camp on a bank of the Mississippi River. Hopper, whom Walker knew, stayed in the car and Davis and Arrington walked to the fishing camp, found Walker alone, robbed him of approximately $800 and returned to the place where Hopper was waiting for them in his car. The three of them then returned to Cairo, Illinois, in Hopper's car, where they were arrested.

Taylor Walker, the victim of the robbery, testified that during the afternoon of December 23, 1965, two men who were unknown to him came to his fishing camp and robbed him of $803. He stated that the sheriff took him that night to Cairo, Illinois, where he identified Davis and Arrington in a police lineup as the men who had robbed him. He stated that he had known Hopper since he was a child and that Hopper had been at the camp prior to the robbery, had purchased fish and had sought information about the operation of his camp.

Mrs. Louise Henley, who lived near Columbus, Kentucky, was acquainted with Hopper and could recognize the automobile he owned. She testified that during the afternoon of the robbery she saw Hopper driving his car on Bluff Road. She stated that her attention was attracted to Hopper by his unusual conduct in repeatedly driving up and down the road past her home.

Her testimony contradicts that of Hopper. While Hopper admitted that he had driven his automobile past the Henley residence during the afternoon of the robbery, he claimed this occurred only while he was en route to Hickman, Kentucky, on a personal mission. He maintained he had no connection with the robbery and knew nothing about it.

■ The corroborating testimony required is that it should tend to connect the defendant with the commission of the offense. *Williams v. Commonwealth, 257*

Ky. 175, 77 S.W.2d 609; Mann v. Commonwealth, Ky., 79 S.W. 230, 25 Ky.Law Rep. 1964. It is sufficient if it be of such nature and character as to inspire belief in a reasonable and unprejudiced mind that it points toward guilt and links up with the principal fact under investigation. Hamershoy v. Commonwealth, Ky., 408 S.W. 2d 624; Hartsock v. Commonwealth, Ky., 382 S.W.2d 861.

 Applying these guidelines we believe that the testimony, although circumstantial, when considered with the fact that Hopper had visited the fishing camp seeking information from Walker about its operation, is sufficient corroboration of Davis' testimony to warrant submission of the case to the jury and to sustain a guilty verdict.

While the record does reflect that some incompetent testimony was elicited during the course of the trial, we have carefully reviewed it and find that it could not have been prejudicial.

The judgment is affirmed.

All concur.