Carlos Franklin **FORNASH**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1971.

John Diskin, Newport, for appellant.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., John Ryan, Sp. Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Carlos Franklin Fornash brings this appeal from a judgment convicting him of storehouse breaking, fixing his punishment at imprisonment for three years. KRS 433.190. As grounds for reversal he contends that (1) the court failed to properly instruct the jury, and (2) the Commonwealth's attorney asked an improper question concerning a prior conviction of the appellant.

 The first charge of error relates to the appellant's claim that the evidence reflected that he was too intoxicated at the time of the offense to have the *animus furandi* required for conviction. He contends that the court erred in failing to submit that defense by appropriate instruction. He cites Patterson v. Commonwealth, 251 Ky. 395, 65 S.W.2d 75; Slone v. Commonwealth, 238 Ky. 727, 38 S.W.2d 709; Allen v. Commonwealth, 277 Ky. 168, 125 S.W.2d 1013; and other decisions of this court of like import.

The difficulty is that the appellant has not preserved the claimed error for appellate review. The only objections appellant presented to the instructions appear in the record as follows:

"Also, I object at this time to the instructions that the Court is giving the jury." (Interposed before the verdict.)

In the motion and grounds for new trial the appellant stated only:

"The Court erred in failing to properly and adequately instruct the jury as to the law of this case."

These objections were not sufficiently specific to preserve the claimed error. RCr 9.54(2) provides:

"It shall not be necessary in order to preserve error that objections to instructions be made during the trial, but unless so made they must be presented in a motion for new trial. No objection shall be sufficient unless the specific grounds are stated."

The nonspecific objections by appellant did not preserve the claimed error in failing to instruct on the defense of intoxication. Hunt v. Commonwealth, Ky., 466 S. W.2d 957; Grissom v. Commonwealth, Ky., 468 S.W.2d 263; Greenville v. Commonwealth, Ky., 467 S.W.2d 765. RCr 9.-54(2).

 The second assignment of error relates to a question propounded to the appellant by the Commonwealth's attorney. On *direct* examination appellant was asked by his own counsel whether he had been convicted of a felony, and he answered affirmatively. At that point, upon appellant's request, the court admonished the jury not to consider the previous conviction on the issue of guilt or innocence in the current trial. On later cross-examination the Commonwealth's attorney asked the accused:

"Your previous conviction was for breaking and entry, too, wasn't it?"

Before any answer was made counsel for appellant objected and moved for a mistrial. After a hearing in chambers the court sustained the objection and admonished the jury to disregard the question, which was never answered. It appears that the question here is substantially the same as was presented in Blair v. Commonwealth, Ky., 458 S.W.2d 761. In Blair

the court rejected the same contention now being presented for appellant. For the reasons fully set forth in Blair, the contention must be rejected here also.

The judgment is affirmed.

All concur.