Charles **BENGE** et al., Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1971.

Rehearing Denied March 17, 1972.

John C. Ryan, Frankfort, for appellants.

John B. Breckinridge, Atty. Gen., George F. Rabe, Laura L. Murrell, Asst. Attys. Gen., Frankfort, for appellee.

REED, Judge.

The appellants, Charles Benge, Robert Wolf and Richard Wolf, were convicted of storehouse breaking (KRS 433.190). As the result of a jury verdict, judgment was entered sentencing each appellant to two years' imprisonment. From this judgment they appeal and assert that they were entitled to directed verdicts of acquittal; that the jury verdict rendered against them was the result of passion and prejudice and was not supported by sufficient evidence; that inadmissible testimony was admitted to their prejudice; that the testimony of an accomplice was not sufficiently corroborated; and that an erroneous instruction was given to the jury.

A business establishment, Davis Store, at Augusta, Kentucky, was broken into either on the night of December 7, 1969, or early the next morning. Merchandise valued at $2200 was stolen. As the result of an investigation of the breakin, two suspects, William Kiscaden and Alvin Hester, were questioned. Kiscaden told the officers that four boys in a two-toned 1964 Chevrolet picked him up in front of Davis' Store and that Alvin Hester was in the car with them. Kiscaden also stated to the officers that the four boys asked him if there were any places that kept any money around. At the trial, Kiscaden testified that "I cannot say for certain that them was the boys that picked me up, no sir." Although he testified that a couple of these boys told him they were brothers and that Hester was in the car, he would not say that the defendants were the boys who picked him up. Nevertheless, he admitted that he had given a statement to the investigating officers that the boys who did pick him up were in a 1964 Chevrolet, the lower portion of which was gray or light blue and the upper portion of which was of a dark color.

Alvin Hester, a 16-year-old boy, testified that four boys picked him up in Augusta, Kentucky, on the evening of December 7, 1969. He identified the defendants as the three or four boys who picked him up. Hester said that Kiscaden was in the car and that they went to Brooksville. They then came back from Brooksville and let Kiscaden out at his home. According to Hester they then secured some gasoline at his father's garage and rode around Augusta. "* * * and we all got out, and I stood up there at the bank, and I don't know what they done after that." Hester said they left him and came back later. He did not know what they did while they were away.

On direct examination Hester admitted that he had testified before the grand jury that he saw the applicants break into Davis Store. Hester admitted that he gave this testimony but stated that he was lying.

Detective Ben Schrader of the Kentucky State Police stated that Kiscaden told him that on the night of December 7 he and Alvin Hester were walking out of Davis Store when the occupants of a 1964 Chevrolet, dark top and light bottom, with four men in it "hollered" and asked if they could get some soft drinks or something to eat at the store. Kiscaden's trial testimony was that he and Hester and the four men rode around Augusta and then went to Brooksville. Kiscaden also said at the trial that the occupants of the car asked if there were any places around that carried any money.

Detective Schrader also testified that Alvin Hester stated that the three Wolf brothers and Charles Benge picked him up and made him help them break into Davis Store. Alvin stated to the detective that the appellants were driving a 1964 Chevrolet, black over light gray in color. The detective testified that when he arrested the appellants they were in a 1964 Chevrolet, black over light gray.

The appellants relied in essence upon alibi as a defense. They claimed they were

not in Augusta on December 7, 1969. They produced witnesses to show that they were in Covington on the night of the alleged breakin and the day following. The Commonwealth in rebuttal introduced evidence which tended to show that at least some of the appellants were in Augusta in the vicinity of Davis Store on the night of December 7, 1969 and were in a 1964 Chevrolet, two-tone in color.

Appellants contend that the statements made by the witness Kiscaden and the witness Hester to the investigating officer were improperly admitted because no proper foundation was laid with the witness prior to the introduction of the statement by the officer. In Jett v. Commonwealth, Ky., 436 S.W.2d 788, we held that an out-of-court statement made by a person who appears as a witness, and whose statement is material relevant to the issues of the case, may be received as substantive evidence through the testimony of another witness and need not be limited to impeachment purposes. That opinion points out the necessity for laying a proper foundation and we have since reexamined and reaffirmed the requirement. See Lynch v. Commonwealth, Ky., 472 S.W.2d 263 (decided October 22, 1971).

■ In the instant case, however, the witness Kiscaden admitted that he made the statement to the officer which was introduced. It was relevant to the issues in the case. Hence, as to the Kiscaden statement, we perceive no problem of any failure to lay a proper foundation. Concerning the witness Hester, it appears that he freely confessed to giving an inconsistent statement under oath to the grand jury. The statement of Hester to the officer was merely cumulative of the evidence which he gave to the grand jury by his own admission and which he described as perjured and false. Hester was available as a witness and fully subject to cross-examination. The detective was also available and fully subject to cross-examination. Under the circumstances demonstrated in this instance, the policy of the requirement of a proper foundation was fully satisfied: the witness admitted making a prior inconsistent statement, that this inconsistent statement was under oath and hence his statement made to the officer was cumulative to and consistent with the admitted statement to the grand jury. We conclude there was no prejudicial error in the admission of Hester's statement to the officer even though he was not asked if he had made an untruthful statement to the officer which was substantially the same as his claimed untruthful testimony to the grand jury.

■ Appellants argue that there was not sufficient evidence to corroborate accomplice testimony and that under RCr 9.62 they were entitled to a verdict of acquittal. In the first place, the evidence is insufficient to establish that Kiscaden was an accomplice. Kiscaden was not one who, under the evidence presented at the trial, could have been convicted of the same crime as the one against whom he testified either as a principal, aider and abettor or an accessory before the fact. See Head v. Commonwealth, Ky., 310 S.W.2d 285, and Warren v. Commonwealth, Ky., 333 S.W.2d 766.

■ If Hester's incriminating evidence is to be believed, then he derived such knowledge as an accomplice and it was necessary that his testimony be corroborated. Evidence sufficient for such corroboration should be of such nature and character as to inspire belief in a reasonable and unprejudiced man that it points toward guilt and links up with the principal fact under investigation. Hopper v. Commonwealth, Ky., 419 S.W.2d 756. When the total evidentiary picture is considered, excluding the testimony of Hester, it appears to us that there was sufficient evidence to submit the issue of corroboration to the jury under a proper cautionary instruction which was the action taken in this instance by the trial court. Kiscaden's testimony, the identity of the appearance of the car it-

self, and the testimony of the persons who were in the Davis Store on the night of the robbery, when considered with appellants' claims that they were in Covington and never in Augusta, in our view, warranted the submission of the case to the jury and sustains the jury's verdict.

 The final complaint made by appellants is that an instruction on the necessity that the jury believe the appellants guilty beyond a reasonable doubt was improperly phrased. Able counsel for appellants on this appeal did not represent them at the trial. We have carefully reviewed the record and it plainly appears that the objection to the language of this instruction was not called to the attention of the trial judge either at the time the jury was instructed or in the motion and grounds for new trial which appellants filed. We, therefore, are unable to review this issue. See Fornash v. Commonwealth, Ky., 471 S.W.2d 700 (decided October 8, 1971). Moreover, we are convinced that although the instruction was far from a model of precision in expression, the jury was not really misled in this case.

The judgment is affirmed.

All concur.