95   485
125   719(

STATE OF IOWA v. JOHN CONNERS, Appellant.

**Breaking and Entering.** The opening of an unlatched screen door having on spring hinges may be a statutory breaking and entering.

**Drunkenness: Intent.** Where the defendant has been drinking the question whether he was so drunk as to be incapable of forming a criminal intent, is for the jury.

**Excessive Sentence.** Imprisonment in the penitentiary for entering and breaking with intent to steal will not be mitigated when the record is silent as to age, character or reputation of defendant, and as to mitigating circumstances.

*Appeal from Benton District Court.*—HON. JOHN R. CALDWELL, Judge.

MONDAY, OCTOBER 7, 1895.

The defendant was indicted, tried, and convicted on a charge of feloniously breaking and entering a store in which goods, wares and merchandise were kept for sale, use, and deposit, with intent on the part of defendant to commit the crime of larceny, and he appeals to this court to reverse the judgment against him.— *Affirmed.*

*T. H. Milner* for appellant.

*Jesse A. Miller* and *Milton Remley*, attorney general, for the state.

Rothrock, J.—The facts attending the commission of the alleged crime are not really in dispute. It appears that one W. F. Donovan, was the keeper of a store at Belle Plaine, and that in the evening of July 19, 1894, he was sitting outside, in front of his store, the front door being open. The permanent door at the

rear of the room was also open, but there was a wire screen door, which was closed. This door was not fastened with a latch. It was hung on spring hinges, which served to keep it closed. The defendant opened this door, and went into the store, and was at the till or money drawer, and the bell in connection therewith sounded. About this time the defendant was discovered and arrested.

It is contended in defendant's behalf that the opening of the screen door was not a breaking, within the meaning of the statute. The thought of counsel appears to be that, as the screen door was a mere temporary protection against flies, and not a permanent door, the opening of it was not a breaking. It has long been held that the raising of a latch and opening a door, or raising an unfastened window, to gain access to a building, is a breaking. So it has been held in many cases that the pushing open of a closed door will constitute an actual breaking. See 11 Am. & Eng. Enc. Law, page 1662, and authorities there cited. In the case of *State v. Reid*, 20 Iowa, 413, it was expressly held that the pushing open of a closed door is a breaking, within the meaning of the law.

II. It is claimed in behalf of defendant that he was intoxicated to such a degree at the time he entered the store that he was incapable to form the intent to commit larceny. The evidence shows that he had been drinking intoxicating liquors, but it was a fair question, under the evidence, for the jury to determine, whether he was in such a mental condition as to form the criminal intent. Complaint is made of the instructions to the jury touching the defendant's condition. The objections to the instructions appear to us to be mere criticisms, without substantial merit. The jury was plainly told that, in order to find the defendant guilty, they must be satisfied, beyond a reasonable doubt, that he intended to steal

property from the store, and that the intoxication of the defendant at the time, if he was intoxicated, should be considered in determining the intent of the defendant.    These instructions properly and sufficiently directed the jury as to the alleged drunken condition of the defendant.

III.   The defendant was sentenced to imprisonment in the penitentiary for four years.   It is claimed that the punishment is excessive.   There is nothing in the record showing the age, character, or reputation of the defendant.   If he is young in years, and this was his first offense, and up to the time of committing the crime his reputation for honesty was good, the sentence would be severe.   He had the right to introduce evidence of his good character.   In the absence of some mitigating facts, we think we ought not to sit in judgment on the punishment inflicted upon him.

No other question in the case appears to us of sufficient importance to demand special consideration. The judgment of the district court is *affirmed*.