CASE 52.—PROSECUTION AGAINST THOMAS YOUNG FOR HOUSEBREAKING.—September 20.

# Young v. Commonwealth

Appeal from Trigg Circuit Court.

THOMAS P. COOK, Circuit Judge.

Defendant convicted and appeals.—Affirmed.

Burglary—Breaking and Entering.—Where a laborer, occupying a house with the owner, while on leave of absence, obtained the key ostensibly to take away some of his clothing, but with intent to steal property therefrom, and did so enter and steal, he was guilty of violation of Ky. Stats., 1903, Sec. 1162, providing that if any person shall break any dwelling house, and take anything cf value, though the owner or any person may not be there, he shall be punished as therein prescribed.

MAX HANBERRY for appellant.

N. B. HAYS, ATTORNEY GENERAL, and C. H. MORRIS for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Affirming.

Appellant was convicted of housebreaking. The indictment was returned under section 1162, Ky. St. 1903, which reads: "If any person * * * shall feloniously break any dwelling house or any part thereof, or any outhouse belonging to or used with any dwelling house, and feloniously take away anything of value, although the owner or any person may not be there, he shall be confined in the penitentiary not less than two nor more than ten years."

Appellant was a laborer on the farm of the owner of the mansion house charged to have been broken into. He seems to have occupied the house with the owner's family. He got leave of absence for several days under pretense of visiting another point. The owners locked up their house and left for the day. Appellant went to the wife of one of the owners, and got from her the key to the house, ostensibly to take away some of his clothing. Thus gaining an admission to the house, he stole and carried therefrom a suit of clothes and other articles, the property of another. The circuit court instructed the jury that if appellant obtained the key by deception, fraud, or device, with the felonious intention to break and enter the house with intent to steal therefrom property of value, and did so enter and steal, it was a violation of the statute. This appeal raises the correctness of this instruction.

The offense involved is akin to the crime of burglary. It has most of the elements of the latter, except that it need not be done in the nighttime, and the offense to be committed after the entry to complete the felony is confined to larceny. So that the decisions bearing upon the essential fatures of burglary are apposite to the question at bar. It is held without exception that any force applied to effect the entry is sufficient to constitute that part of the offense —as, for example, the raising of a latch (State v. Wilson, 1 N. J. Law, 439, 1 Am. Dec. 216), the raising of a window (State v. Boon, 13 Ired. (N. C.) 244, 57 Am. Dec. 555), or pushing open a closed door (State v. Conners, 95 Iowa, 485, 64 N. W. 295). It is also held that there is a constructive forcible entry if by fraud or deception an entry is obtained, as where by a knock at the door the owner is induced to believe

he is unbarring to a friendly or business call (Johnson v. Commonwealth, 85 Pa. 54, 27 Am. Rep. 622), or by impersonating one having a right to enter an entrance is gained (State v. Johnson, Phil. Law (N. C.) 186, 93 Am. Dec. 587), or obtaining an entrance under a pretense of doing a permissible act and using the advantage to enter other apartments for the purpose of the theft (Commonwealth v. Rallard, 38 S. W. 678, 18 Ky. Law Rep. 872). From all the cases it will be gathered that the crime of burglary, as well as the kindred crime of housebreaking under the statute, is an offense against the security of the habitation. It is the possession that must be invaded to breach the statute. State v. Toole, 29 Conn. 342, 76 Am. Dec. 602; 1 Bishop, Crim. Law (6th Ed.) section 577.

The law regards force and fraud with equal abhorrence; and whether the tenant's possession is invaded by one means or the other for the purpose of stealing from his home is all one in the eye of the law. Conceding that appellant had the right to enter the house in question to take away his own clothes, and had he entered under such circumstances and then formed and executed the intention to steal the landlord's clothes he would not have been guilty under the statute, our case comes down to a narrower state of facts; for, appellant having gone away under arrangement with his landlord, his relation as co-tenant of the house had ceased for the time being. Though he had the right, notwithstanding, to remove his clothes from the house, he had not the right to enter the house for that purpose, except by the consent of the landlord. When, therefore, he simulated that he desired the key for that purpose, but in reality for the purpose of stealing from the house, he

resorted to a trick that was a fraud upon the landlord, and one that gave him no right of entry, and therefore no protection. The case where one having the right to enter executes a previous purpose to steal is not guilty of larceny (State v. Moore, 12 N. H. 42; Clarke v. Commonwealth, 25 Grat. (Va.) 908) is quite different from the one at bar, where there is no right of entry; the permission and means of entry having been obtained by fraud, and therefore conferring no right (Lowder v. State, 63 Ala. 143, 35 Am. Rep. 9).

We perceive no error in the instructions. The judgment is consequently affirmed.              ,