## Commonwealth v. Mackey.

(Decided October 13, 1916.)

## Appeal from McLean Circuit Court.

1. Burglary—Housebreaking—Nature and Elements of Offense.— There must be a "breaking" to constitute the crime of housebreaking ·with intent to steal, denounced by section 1164 of the Kentucky Statutes; but any physical force, however slight, by which the obstruction to entering is removed, constitutes a "breaking."

2. Burglary—Breaking and Entry.—Pushing open a closed door which was not fastened, is a breaking within the meaning of the statute, and is sufficient to convict upon the charge of housebreaking, where the other elements necessary to the crime exist.

M. M. LOGAN, Attorney General; C. E. SMITH, Commonwealth's Attorney, and R. ALEXANDER, County Attorney, for appellant.

JOE H. MILLER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Certifying the law.

The indictment in this case charged the appellee, Frank Mackey, with the statutory offense of housebreaking, with intent to steal (Ky. Sts., sec. 1164), committed by breaking into a smokehouse belonging to Caleb Wright, and used by him in connection with his dwelling house.

At the close of the proof for the Commonwealth, the circuit court peremptorily instructed the jury to find the defendant not guilty. From that judgment the Commonwealth appeals.

The evidence shows that Mackey was caught in Wright's smokehouse, with a ham in his hands and in the act of putting the ham into a meal sack. Norval Pillows, the witness, who caught Mackey in the act of stealing the ham, testified that he opened the smokehouse door and saw Mackey standing on a ladder with the ham in one hand and a meal sack in the other hand; that he recognized Mackey, and told him to come down; that Mackey said, "All right," put the ham back on the hook and came out of the smokehouse; that the witness and Mackey then had an extended conversation about the attempted theft upon the part of Mackey; that Pil-

lows said, "Frank, I have been hearing this of you for a long time and did not really believe this of you." Whereupon, Mackey answered, "This isn't the first time;" and, in explanation of this act, Mackey said he had the toothache and did not know what he was doing.

Finally, Mackey begged Pillows not to tell what he had seen, but Pillows declined, and reported it promptly to Wright.

There is no question of identity or of the fact that Mackey was caught in the act of stealing Wright's ham; the only point urged in the defense was, that the Commonwealth had failed to show a breaking into the smokehouse upon the part of Mackey, and that his offense, at most, was larceny.

The door of the smokehouse usually was kept closed and fastened by means of a hasp and staple through which a wire was inserted to hold the hasp in position. Pillows testified that the door of the smokehouse was not open when he went to it, but that it was not fastened; it was "just shoved to."

Wright, the owner of the smokehouse, testified that he and his wife left home in a buggy about an hour before sundown to attend an ice cream supper in the neighborhood; that in going to the supper he drove by Mackey's house; that he could not say with precision when he last examined the door of the smokehouse before he left home, on that day. But, in answer to a question, he said positively that the door was closed and fastened at the time he and his wife left home. Upon cross-examination, however, Wright was asked whether the door was fastened, and he answered that he could not swear it was. He again testified, however, that the door was closed, because he noticed it as he went out that way.

In Gaddie v. Commonwealth, 117 Ky. 470, the court said:

"The term 'breaking' as used in the statute has a well known and definite meaning at common law with reference to the offense of burglary; and, in order to constitute it, the action of the defendant must have been such as would, without additional effort, have made an entry possible."

It is there further stated that the term "breaking" is used in the statute in its common law sense.

Consequently, the rule as to what constitutes a "breaking" in burglary, applies equally to the statutory crime of housebreaking.

In Roberson's Kentucky Criminal Law and Procedure, section 303, it is said:

"There must be some breaking to constitute the crime of burglary. 'Breaking,' as used in this connection, implies force; but the slightest force is sufficient. Thus, the lifting of a latch or the turning of a knob in opening a door, the picking of a lock or opening with a key, or pushing open a closed door, though it is neither latched, bolted, nor locked, the hoisting a window, the removal or breaking of a pane of glass, or unloosening any other fastenings to doors or windows which the owner has provided as a security to the house, is an actual breaking. So, it is a breaking to push open a closed but unfastened transom over a door, or to force open closed blinds, or to push up or raise a trapdoor held in place by its own weight merely."

The text is fully supported by Rose v. Commonwealth, 19 Ky. L. R. 272, 40 S. W. 245; Gaddie v. Commonwealth, 117 Ky. 468, 111 Am. St. Rep. 259; Young v. Commonwealth, 126 Ky. 474; Collins v. Commonwealth, 146 Ky. 698, 38 L. R. A. (N. S.) 769; Smith v. Commonwealth, 128 S. W. 68, 27 L. R. A. (N. S.) 1023; Little v. Commonwealth, 151 Ky. 520; Lawson v. Commonwealth, 160 Ky. 180; Wallace v. Commonwealth, 162 Ky. 86. See also 4 R. C. L., p. 417, citing Timmons v. State, 34 Ohio St. 426, 32 Am. St. R. 376, and other cases.

In Rose v. Commonwealth, *supra,* the door to a barn was closed by means of a rail placed against it at the top, and a stone at the bottom, and it was claimed that Rose had removed the rail and stone, and in that way entered the barn and stole some tobacco. It was contended for Rose that the removal of the rail and the stone was not a "breaking" within the meaning of the law.

In disposing of the case, the court said:

"The mere lifting of a latch, and so opening a door not otherwise fastened, or pushing upward or lowering a sash or raising a trapdoor has been held to be a breaking (1 Bishop Criminal Law, section 312); and where a door had no latch but fitted closely within the casing,

and force was required to push it open, the pressing open of this door was held to be a breaking.

"It seems from the foregoing that, upon principle and reason, the removal of props from the door, in order to open and enter, must in law be held to be a breaking. But if a door or window be a little way open, it is not breaking the house to push it further open.

"The testimony of defendant is that the window was partly open and that he entered through the window. The jury should have been told that if the defendant entered through the window as indicated, he was not guilty of the offense as charged, although he stole the tobacco mentioned."

It will thus be noticed that the court recognized the rule to be, that where a door had no latch but fitted closely within the casing, and force was required to push it open, the opening of the door in that way constituted a breaking. The judgment was reversed, however, in the Rose case because the court failed to submit defendant's theory of the case to the jury.

The authorities hold that any physical force, however slight, by which the obstruction to entering is removed, constitutes a "breaking" into the house within the meaning of the rule. 4 R. C. L., p. 417. Consequently, the rule has been held to include cases where the entry was made by opening a screen door which was kept closed by spring hinges. State v. Conners, 95 Ia. 485; State v.'Moon, 62 Kans. 801; State v. Henderson, 212 Mo. 208, 17 L. R. A. (N. S.) 1100; Collins v. Commonwealth, 146 Ky. 701, 38 L. R. A. (N. S.) 769.

In the Collins case, *supra,* the breaking into White's store was effected by simply opening an unlocked screen door which was held closed by a coil spring; and, it was there held that the act of Collins in opening the screen door, and in that way entering the building, constituted a breaking within the meaning of the statute.

We see no difference, in principle, between the Collins case and the case at bar. If Mackey entered Wright's smokehouse through an open doorway, he was guilty only of stealing; if the door was closed and he entered by first pushing the door open, he was guilty of housebreaking, although the force required to push the door open was insignificant.

The appellee's guilt, therefore, depended upon whether the door was closed or standing open when he reached it in the course of his stealing expedition.

From the stenographic report of the charge of the trial judge in directing an acquittal, it appears he rested his ruling upon the fact that Wright had twice stated that he never saw the door of the smokehouse the day of the theft, and never examined it, and that he afterwards contradicted himself by stating that the door was closed, because he noticed it as he and his wife went out that way. This is not quite an accurate statement of the effect of Wright's testimony. On his direct examination, Wright stated that the door was closed and fastened at the time he left the house; and, upon cross-examination, he said that he could not swear that the door was fastened. Upon re-examination, however, he said, "It was closed; because I went out that way, and I noticed it was closed." He nowhere makes an equivocal statement as to the door being closed, neither does he retract or qualify his testimony in that respect. The effect of this testimony was that Wright would not be positive that the door was fastened; he was positive, however, that the door was closed.

We have, therefore, the explicit testimony of Wright that the door was closed when he left home, with the admitted fact that Mackey was found inside the smokehouse in the act of stealing the ham. If the door was closed, as Wright testified, then Mackey must have pushed it open in entering the smokehouse; and if he did so open it, that constituted a breaking within the meaning of the rule heretofore announced. The circuit judge erred in not submitting the case to the jury.

This opinion is certified as the law of the case.