## Britton v. Commonwealth.

(Decided November 20, 1923.)

### Appeal from Whitley Circuit Court.

Burglary—Criminal Law—Evidence Held to Sustain Conviction.—
Evidence held sufficient to sustain a conviction, and to show that
the house broken into was in the county in which the case was
tried, that the house was a dwelling house, and that the gun taken
had some value.

B. B. SNYDER for appellant.

T. B. McGREGOR, Attorney General, and LILBURN PHELPS, As-
sistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of feloniously breaking into
a dwelling house and taking therefrom something of
value, and his punishment fixed at two years' confine-
ment in the penitentiary.

The evidence shows that when William Tye and wife
left their home, they closed the windows and locked the
doors, and when they returned in about two weeks, they
found that the house had been entered and a Marlow shot
gun had been stolen. The gun was traced to appellant,
who claimed to have bought it from a stranger.

Appellant insists that the evidence is insufficient to
show that the house broken into was in Whitley county,
or that it was a dwelling house, or that the gun taken was
of any value.

The trial took place at Williamsburg, the county seat
of Whitley county. William Tye, the owner of the house,
after testifying that he lived on Mill street, that his house
was entered by someone the last of January, and that he
had left his house about January 17th, and before it was
broken into, then testified as follows: "Q. That was be-
fore the grand jury? A. Yes, sir. Q. That was in Whit-
ley county A. Yes, sir." In each of the foregoing ques-
tions the word, "that" evidently means the same thing
and refers either to the place where the witness left his
house, or the place where the breaking occurred, and in
either event, the answer shows that the house broken into
was located in Whitley county.

It is apparent from Tye's testimony considered as a
whole that the house broken into was the place where he
and his wife lived and made their home, and, therefore,

there is no merit in the contention that the evidence did not show that the house was a dwelling house.

The evidence shows that the gun taken was a Marlow shot gun, and that the owner sold it for $25.00, although the purchaser had not paid for it. As this evidence was uncontradicted, it was not only sufficient to sustain a conviction, but clearly authorized the court to assume in its instructions that the gun had some value.

We find no merit in the other contentions.

Judgment affirmed.