## Shanks v. Commonwealth.

(Decided March 21, 1933.)

W. T. HARRIS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

Appellant was convicted of the offense denounced by section 1164 of the Statutes and sentenced to serve one year in the penitentiary.

The sole ground argued in brief for reversal is that the evidence was insufficient to sustain the verdict.

The commonwealth showed that the office of the sheriff of Union county was broken into and a quantity of whisky and a shotgun taken therefrom. Later this shotgun was found in the possession of Ernest Tudor, who testified that he got it from Hopewell Hancock, who in turn testified that he bought it from the appellant, Shanks. Shanks admitted having possession of the gun shortly after its disappearance from the sheriff's office and having sold it to Hancock. Shanks claimed to have gotten the gun in this manner: Whilst working in a cemetery hard by the highway, he noticed a horse and buggy which stopped near a culvert. A man got out of the buggy and went to the culvert, fooled around it, came back to the buggy, got in, and drove off. Shanks then went over to the culvert and found the gun in it. Of course, the jury did not have to believe Shanks' story as to how he got this shotgun. The commonwealth having shown that the sheriff's office was broken into and the disappearance therefrom of the gun, and Shanks' possession of this gun shortly thereafter, such evidence was sufficient to take the case to the jury on the question of his guilt under the indictment and to sustain the verdict if the jury found him guilty. An almost identically similar case is that of Britton v. Commonwealth, 201 Ky. 92, 255 S. W. 1046, where a house had been broken into and a gun taken therefrom, it being found later in the possession of Britton. His conviction for dwelling house breaking under such evidence was upheld.

The judgment is affirmed.