## Gilbert v. Commonwealth.

(Decided Oct. 9, 1936.)

CROSSLAND & CROSSLAND for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Melvin Gilbert was tried under an indictment charging him with breaking and entering an outhouse used with a dwelling house and stealing and carrying away property therefrom. He was convicted; his punishment was fixed at one year in prison, and he appeals.

The building entered was a barn, and the property taken was removed from an automobile then stored therein. This judgment must be reversed because there is no evidence this barn was closed after the automobile was put into it the evening before, hence no evidence of a breaking. This case is not like Lawson v. Com., 160 Ky. 180, 169 S. W. 587, L. R. A. 1915D, 972. In that case the thief entered at an open window and did his breaking by opening the kitchen door to carry out the stolen goods. Lawson did not break in, but did break out. There is no proof the appellant broke either in or out.

True, the barn doors were closed the next morning, but so far as this evidence discloses the doors of this barn may have been wide open previously and the appellant may have closed them after he had taken the articles he did. A breaking must be shown. Commonwealth v. Mackey, 171 Ky. 473, 188 S. W. 676.

Judgment reversed.