## Hawkins v. Commonwealth.

Oct. 8, 1940.

W. J. Baxter, Judge.

**34**

Clay Shackelford and J. P. Chenault for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Reuben Hawkins, has been convicted of feloniously breaking a storehouse with intent to steal, a crime denounced by Section 1164 of the Kentucky Statutes, and his punishment fixed at imprisonment in the state penitentiary for a term of two years.

Appellant was accused of breaking a storehouse at Berea, Kentucky, in which the Codell Construction Company stored tools and other articles. Hawkins was employed by the Codell Construction Company as a truck driver. Vernon Haggard, foreman of the company, had given a key to appellant to enable him to lock the door to the storehouse at the close of the day's work, as appellant was frequently the last employee on the premises. Haggard locked the door of the storehouse about 4:30 p. m. on Thursday afternoon, and when he returned on Friday morning he found the door unlocked and two boxes of tools missing. Part of the tools were found in the automobile of Chester Abney and part of them at the home of Finley Wells, appellant's brother-in-law. Appellant admitted that he was with Chester Abney most of Thursday night riding around in the latter's automobile. He said he was drinking and knew nothing about the theft of the tools. Deland Abney, a policeman, testified that he saw Chester Abney's car parked in the vicinity of the Codell

Construction Company tool house about 10:30 o'clock on the night of the alleged theft. Two men were in the car, but he was unable to identify them. After riding around with Chester Abney during the night, appellant went to the home of his brother-in-law, Finley Wells, where part of the stolen tools were found.

In brief for appellant it is stated that only one question is submitted for the consideration of this court, and that is: "Are the above cited facts sufficient to either justify or sustain a conviction for storehouse breaking as defined by Section 1164 of Carroll's Kentucky Statutes?" It is argued that, since appellant had been entrusted with possession of a key to the tool house and had the right to lock and unlock the door, he was guilty of neither a constructive nor an actual breaking, a necessary element of the crime with which he is charged. Constructive breaking is effected where the entry is accomplished by means of fraud, threats of violence or conspiracy. Actual breaking involves the application of some force, slight though it may be, whereby the entrance is effected. Merely pushing open a door, turning the key, lifting the latch or resort to other slight physical force, is sufficient to constitute this element of the crime. Commonwealth v. Mackey, 171 Ky. 473, 188 S. W. 676; Commonwealth v. Ballard, 38 S. W. 678, 18 Ky. Law Rep. 782; Young v. Commonwealth, 126 Ky. 474, 104 S. W. 266, 31 Ky. Law Rep. 842, 128 Am. St. Rep. 326, 15 Ann. Cas. 1022. If an employee, although fully authorized to enter his employer's storehouse or warehouse for purposes within the scope of his employment or trust, actually enters at a time beyond his authority for the purpose of carrying out a previously formed design to steal, he is guilty of a violation of Section 1164 of our Statutes. If appellant was without authority to enter the storehouse at the time he did enter, the breaking was actual and not constructive. The key was given to him, according to the testimony, for the purpose of enabling him to lock the door to the storehouse when he was the last employee to leave the premises and not for the purpose of enabling him to enter the building to steal property of value therefrom. When possession of the key was entrusted to him he was not given unrestricted authority to enter the storehouse; he only had authority to enter when he was engaged in his employer's business and the proof shows that he broke and entered at a time beyond his authority.

36

· There is no domestic case directly in point, but Young v. Commonwealth, supra, and Cook v. Commonwealth, 279 Ky. 824, 132 S. W. (2d) 350, impliedly support the view that one having a restricted right of entrance to a building is guilty of the crime denounced by Section 1164 of the Statutes if he enters at a time beyond his authority with intent to steal. If an employee with a limited right of entrance uses a key, though rightfully in his possession, for the purpose of entering a storehouse at a time beyond his authority with the intent to steal, he is guilty of an unlawful breaking and entry, for the entrance at such time and for such purposes is in violation of his trust and employment. Under such circumstances, his status is that of a stranger. State v. Corcoran, 82 Wash. 44, 143 P. 453, L. R. A. 1915D, 1015, Ann. Cas. 1916E, 513; 9 Am. Jur., Burglary, Section 14.

We think appellant's acts constituted an offense under Section 1164 of the Kentucky Statutes, and the judgment is affirmed.