## Norris v. Commonwealth.

June 4, 1948.

676

Roy Wilhoit for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Charles Norris has been convicted of the crime of breaking and entering the storehouse of another with intent to steal, and sentenced to a term of one year in the state reformatory. He seeks a reversal of the judgment on the ground that the trial court erred in overruling his motion for a directed verdict of acquittal.. He insists that the Commonwealth failed to establish the breaking or to establish that the articles alleged to have been stolen as a result of the breaking were in the building at the time in question.

Appellant was charged with breaking and entering the storehouse of the Spur Distributing Company which operates gasoline filling stations and sells automobile parts and accessories. For several years the Spur Distributing Company has conducted such a business at Ashland, Kentucky, and Ironton, Ohio. Appellant was manager of the station at Ironton, Ohio, and lived with his wife and two children at his mother's home about five miles from Ironton. On the morning of December 30, 1946, Estill Kidder, an employee of the company at its Ashland station, discovered that someone had broken into the place of business, or as he expressed it when testifying, "I found the door on the 23rd Street side bursted open and saw all the books in the station out on the floor. At that time I looked around and saw the warehouse was bursted open." The warehouse referred to by the witness is a room inside the main building in which tires and other automobile accessories are stored. Kidder notified Donald Parks, the compa-

ny's district manager, who made a complete inventory in order to ascertain what articles had been taken. It was found that five automobile tires, sixteen inner tubes, a paint spray gun, four cases of oil in quart bottles, a blow torch, and several other articles were missing. Two tires, sixteen inner tubes and the oil were taken from the main room of the station, and three tires, the paint spray gun and other articles were taken from an inner room referred to by the witnesses as the warehouse. Irvine Cline testified that on January 8 or 9, 1947, he purchased from appellant five automobile tires and paid him $55. On the following day he purchased from appellant eight or ten inner tubes. The five tires purchased by Cline bore the same serial numbers as the tires taken from the Spur Distributing Company's Ashland station. Cline testified that appellant came to his place of business with a paint spray gun and offered to sell it to him for $20. Clifford Colley, a police officer of Ashland, testified that about midnight on December 29, 1946, he saw appellant in Ashland, once on Winchester Avenue between 15th and 16th Streets and once on 13th Street. Appellant was alone in a Buick automobile bearing an Ohio license. After appellant was arrested and while he was in the Ironton jail, Donald Parks, district manager of the Spur Distributing Company, had a conversation with him in which Parks offered to deliver appellant's salary check to Mrs. Norris if appellant would disclose the location of the stolen property. Appellant responded: "Well, if you get the merchandise back, how about me getting out of this," indicating that he knew where it was located. Appellant admitted selling the tires to Cline, but claimed he purchased them from one Henry Walden with money obtained from his mother, and that Walden gave him a receipt. He had never seen Walden before or since the transaction. He denied being in Ashland on December 29, 1946, and testified that he left his place of employment in Ironton about 11 p. m., called for his mother and his wife and children who were in Ironton, and drove with them to his mother's home in the country. He was corroborated by his mother and his wife. At the time of the alleged offense appellant was on parole from the Ohio penitentiary where he had been confined on a conviction of larceny.

The evidence for the most part was circumstantial, but we think it was amply sufficient to authorize a submission of the case to the jury. Appellant relies strongly on Young v. Commonwealth, 245 Ky. 117, 53 S. W. 2d 206, in support of his contention that the Commonwealth failed to establish the breaking. In the Young case a quantity of tobacco was stolen from a barn. The owner testified that he closed the front door of his barn on Sunday afternoon before the theft of the tobacco was discovered on Tuesday, but the evidence showed that the thief carried the tobacco through a door in the rear of the barn and there was no evidence as to whether this door had been left open or closed, and there was no evidence of a breaking. In the present case there was evidence of a breaking of both an outer and inner door, for, as said by one witness, they were "bursted open." It was not shown when the stolen articles were placed in the Spur Distributing Company's Ashland station, but the inventory made by the company's district manager disclosed that certain articles which should have been in stock were missing and some of these articles were later recovered after they had been in appellant's possession. An actual taking of property is not necessary to constitute the crime defined by KRS 433.190. The gravamen of the crime is the felonious breaking with intent to steal, and only slight force is necessary to constitute "breaking." Kidd v. Commonwealth, 273 Ky. 300, 116 S. W. 2d 636; Hawkins v. Commonwealth, 284 Ky. 33, 143 S. W. 2d 853. Consummation of the intent to steal need not be shown, but such evidence is competent in proof of the intent of the accused. Broughton v. Commonwealth, 303 Ky. 18, 196 S. W. 2d 890. Here, there was evidence that an entry had been made by force, and the other evidence was sufficient to warrant a finding that appellant was connected with the breaking.

The judgment is affirmed.