**William B. McGUIRE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 2, 1956.

Louis P. McHenry, Hopkinsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

Appellant, William B. McGuire, was convicted in the Christian Circuit Court of the crime of storehouse breaking, KRS 433.190, and his punishment fixed at confinement in the penitentiary for one year. Since the case must be reversed, we will discuss only the appellant's contention that he was entitled to a directed verdict of not guilty because the prosecution failed to prove there had been a "breaking", an essential element of the crime with which he was charged.

Sometime in November, 1954, farmer C. P. Harned of Christian County awoke one morning to find three of his turkeys missing. He told County Patrolman Buck Jenkins of the loss, and Jenkins learned from the proprietor of the Hollingsworth Poultry Store in Hopkinsville that appellant had sold the store three turkeys for $7. Jenkins contacted the appellant and asked whether he had sold the turkeys. Appellant at first denied that he had, but later admitted the sale and said he had gotten the turkeys from a white man in exchange for a gun.

Harned identified the turkeys as the ones stolen.

Harned gave the only evidence pertaining to whether the turkeys were actually closed up in the turkey house or hen house on the night preceding their disappearance. On direct examination he stated that his turkey house was fastened that night, but did not say whether the turkeys were inside at the time it was fastened. However, on cross-examination it became obvious that he was merely assuming the hen house was closed up that night because it was his wife's custom to close it every night. He had not seen his wife perform that chore on the night in question, and finally admitted that he had no knowledge of his own as to whether it was closed that night or not. By a penned correction to the narrative testimony, it further appears that Harned found the hen house fastened the next morning. There was no evidence as to how an entrance was effected by the thief.

In Young v. Commonwealth, 245 Ky. 117, 53 S.W.2d 206, the conviction was reversed where it appeared that the barn from which the tobacco was stolen had two doors and there was no evidence that the rear door was left in a closed condition. In Gilbert v. Commonwealth, 265 Ky. 503, 97 S.W.2d 38, we held the evidence insufficient where a barn was entered and articles removed from an automobile therein because there was no evidence that the barn was closed after the car was put in it the evening before.

The gravamen of the offense with which appellant is charged is not the stealing, but the breaking with intent to steal. Little v. Commonwealth, 151 Ky. 520, 152 S.W. 569. Further, there must be evidence as to how the entrance was made. Wallace v. Commonwealth, 162 Ky. 85, 172 S.W. 118.

Under proper indictment, the evidence here might be sufficient to sustain a conviction for stealing fowls under KRS 433.250(4), but the evidence fails to establish the essential element of a breaking necessary for a conviction under KRS 433.190.

The judgment is reversed with directions, to enter a directed verdict for the appellant in the event the evidence is the same on a new trial.