Perry Leo **TAYLOR**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

Court of Appeals of Kentucky.

Oct. 30, 1970.

As Modified on Denial of Rehearing Jan. 29, 1971.

Claude Asbury, Catlettsburg, for appellant.

John Breckinridge, Atty. Gen., James Barr, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment holding the appellant, Perry Leo Taylor, guilty of the crime of breaking and entering a storehouse and imposing upon him a year in the penitentiary. The appellant complains of various procedural errors as well as lack of proof that the crime of breaking and entering had been committed.

At about 10:00 P.M. on November 18, 1969, Eileen Gray saw a match burning through the window of Mrs. Etta Stafford's storehouse and called the police. After finding the door to the storage building open and no one inside, the police awakened Mrs. Stafford by knocking on her door. Mrs. Stafford testified: "They told me they thought someone had been in the outbuilding and that the back door was open so I dressed and went with them to the storage building and the door was open." She found various articles missing, including clothing and antique dishes worth about $76.00. Meanwhile, one of the police began investigating the area and discovered an automobile about a half block up an alley which contained appellant and two other men, Willie Vaughan and David Clark, who were also indicted for the offense. Appellant, who was behind the wheel of the automobile, was starting to pull out into the alley from a parking area but stopped the car to talk to the officers.

In the back seat of the car were various items which were identified by Mrs. Stafford as her property. Appellant said he did not know to whom the articles belonged.

The three men testified that they had been drinking that evening, and were intoxicated. Appellant testified that the three men had separated after drinking together at a spot in Ohio and at the Bill Taylor residence in Ashland, and that he had just found Vaughan and Clark in Clark's car when the police arrived. The Clark car was parked about a half-block from Mrs. Stafford's home where Taylor had once lived, in a separate section, which was in turn about a block and a half from the home of Taylor's brother, Bill. Officer True thought Vaughan and Clark were intoxicated, but that Taylor was sober.

Since the police found the storehouse door open when they arrived, the testimony of Mrs. Stafford is of particular significance. She admitted that she did not keep the storehouse door locked except when she left town, but also testified that she had not given her consent to anyone to remove items from the storehouse. At no place in her testimony did she say she left or kept the door to the storehouse closed, and there was no other testimony of any witness that it was closed. In fact, at one time Taylor had lived in an apartment of Mrs. Stafford's and had stored a few of his own items in the storehouse besides satisfactorily performing odd jobs for the elderly Mrs. Stafford.

At the close of the testimony the defense moved for a directed verdict because there was no proof that the storehouse door was closed, and for that reason there was no basis for a jury to conclude that a "breaking" into the storehouse had occurred. There was, of course, enough testimony on which to base a conviction for possessing or receiving stolen goods under KRS 433.190 for which a penalty of one to twelve months in the penitentiary could be imposed in this case which involved goods

of less than $100 in value, or a conviction for petit larceny under KRS 433.230 with a similar penalty.

 It is clear that there must be proof that some physical force was used to effect entry under Kentucky law. See 4 Kentucky Digest, Burglary ⚷9(1) and ⚷41(4) for a collection of cases. For example, in McGuire v. Commonwealth, Ky., 287 S.W. 2d 917 (1956), a farmer found that three of his turkeys were missing. The farmer admitted at trial that he had no knowledge of his own as to whether the house where the fowls were kept was closed the previous night or not, but it was his wife's custom to close it every night. In refusing to affirm the conviction, the court cited earlier Kentucky cases, saying:

"In Young v. Commonwealth, 245 Ky. 117, 53 S.W.2d 206, the conviction was reversed where it appeared that the barn from which the tobacco was stolen had two doors and there was no evidence that the rear door was left in a closed condition. In Gilbert v. Commonwealth, 265 Ky. 503, 97 S.W.2d 38, we held the evidence insufficient where a barn was entered and articles removed from an automobile therein because there was no evidence that the barn was closed after the car was put in it the evening before.

"Under proper indictment, the evidence here might be sufficient to sustain a con-viction for stealing fowls under KRS 433.-250(4), but the evidence fails to establish the essential element of a *breaking* necessary for a conviction under KRS 433.190."

 The Commonwealth urges us to use common sense and infer that the storehouse door normally was closed, and thus to uphold the conviction. At first blush that sounds quite reasonable. But when a consideration of our statutes is undertaken, a sound reason for our being technical, in requiring proof that the door was closed, becomes apparent. The penalty for breaking and entering a building such as the one in this case, with intent to steal, is two to ten years in the penitentiary under KRS 433.180, not one to five years as given in the instructions in this case. On the other hand, the penalty for petit larceny under KRS 433.230 or receiving stolen goods of less than $100 valuation under KRS 433.-290 is one to twelve months in jail. The stakes are high for the accused in such a situation as the one developed here. It could make the difference of conviction of a felony rather than a misdemeanor if there was proof, not mere inference, that that door was closed!

The many other alleged errors we do not find it necessary to consider.

The judgment is reversed.

All concur.