Kathy Lucille NUNN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–SC–336–MR.

Supreme Court of Kentucky.

May 11, 1995.

Russell J. Baldani, Baldani, Rowland & Richardson, Lexington, for appellant.

Chris Gorman, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

Appellant, Kathy Lucille Nunn, was convicted in the Henderson Circuit Court of complicity to commit first degree arson. Appellant was sentenced to twenty years and appeals as a matter of right.

On August 7, 1988 a fire began in appellant's apartment. The apartment building, which consisted of four rental units, is owned by Brad Higginson. The fire caused extensive damage to appellant's apartment with smoke and water damaging the remaining units. The fire investigator concluded that the fire was not accidental, but rather had been intentionally set.

Testimony of appellant's daughter's boyfriend, Robert Eugene Richardson, connected appellant to the fire. He testified that appellant approached him about setting the fire so she could collect insurance proceeds on a renter's policy. He admitted to setting the fire by placing a cigarette on a flammable blanket. He then left the apartment. Another renter, Margaret Brashear, who lived across the hall, witnessed Richardson leaving the building approximately ten minutes before she began to smell smoke.

Appellant raises three issues for review on appeal.

The first error appellant raises we find to be reversible error. On this issue alone we remand for a new trial.

At trial, the prosecutor, in an effort to show financial motive on the part of appellant, began asking detailed questions concerning the financial status of appellant. The troublesome facet of this cross-examination, however, centers upon the fact that the prosecutor had knowledge of her financial situation since he had personally represented her in a bankruptcy proceeding, in his private practice, following the fire. Appellant argues that this is a conflict of interest that requires the prosecutor to disqualify himself, and we agree.

■ On the day we heard oral argument in this case we considered two other cases involving similar conflicts of interest. *See, Whitaker v. Commonwealth,* Ky., 895 S.W.2d 953 (1995) and *Brown v. Commonwealth,* Ky., 892 S.W.2d 289 (1995). Referring to *Whitaker,* we hold that since the prosecutor in this case "engaged in a substantial and personal participation in the defendant's case" of personal bankruptcy, he could not later prosecute his former client while performing in the capacity of Commonwealth Attorney.

■ When appellant objected to this conflict of interest at trial, the Commonwealth maintained that this evidence was all a matter of public record, and as a result, appellant did not suffer any prejudice. As stated in *Whitaker,* there is no need to show that prejudice actually occurred because the focus of the inquiry for disqualification is the "relationship between lawyer and client" when the representation is "substantially related to the .... cause of action [where] the attorney previously represented him." *Whitaker,* 895 S.W.2d at 956, citing *State v. Allen,* 539 So.2d 1232 (La.1989).

The attorney-client relationship established between the prosecutor and appellant in the bankruptcy proceeding did prove to be centered upon issues that were substantially related to the case he later prosecuted. Appellant's bankruptcy was filed after the fire occurred, and the motive presented by the Commonwealth was financial gain. The knowledge the prosecutor gained through his private representation of appellant was no doubt useful to him in his later prosecution of her.

■ Statutorily, the prosecutor was required to recuse himself from this case as well. KRS 15.733 states

Any prosecuting attorney shall disqualify himself in any proceeding in which he has served in private practice ..., other than as a prosecuting attorney, as a lawyer.... in the matter in controversy.

Because appellant's bankruptcy was filed after the fire in question and since the alleged motive was financial gain, the bankruptcy was integrally related to the matter being prosecuted. The prosecutor should have recused himself from the case prior to any objection by appellant as it was his statutory, as well as ethical, duty to remove himself from the case.

Even though the evidence of bankruptcy may have been obtained by this prosecutor through improper means, the evidence of bankruptcy itself is not necessarily inadmissible. If the new prosecutor, on remand, obtains this evidence by means of public record, its use during cross-examination of appellant would not necessarily be improper.

Appellant also raises two other issues claiming reversible error, both of which involve evidentiary questions.

■ First, appellant asserts that Richardson should have been able to be cross-examined regarding pending charges against him to ensure appellant's right to confront witnesses against her is preserved. These charges involved a string of bad checks written by Richardson when he was on bond and before he went to prison. The Commonwealth maintains, on the other hand, that this allegation of error is not preserved since no avowal was made, referring to *Caudill v. Commonwealth,* Ky., 777 S.W.2d 924 (1989). The Commonwealth also points out that appellant did not make this argument at trial and should be prohibited from raising it on appeal. A review of the record shows that the argument made at trial was that the evidence was being introduced to show mistake and overall plan.

■ Notwithstanding the lack of preservation by appellant, substantively, we find that the trial court's denial of the attempt to introduce this evidence to show Richardson's mistake and his overall plan was proper. Moreover, no violation of appellant's confrontation rights occurred as a result of the trial court's ruling. Appellant was not prohibited from cross-examining Richardson on the "fact that [he had] criminal charges pending against him and thereby possesse[d] a motive to lie in order to curry favorable treatment from the prosecution." *Williams v. Commonwealth,* Ky., 569 S.W.2d 139 (1978). He fully cross-examined Richardson on the felony charges that were reduced for his partic-

Content:

ipation, thereby exposing Richardson's state of mind and his possible motivation for testifying. The trial court was acting within its discretion in an attempt to keep from confusing issues presented to the jury.

Second, appellant asserts that she was denied due process when the court refused to allow her to introduce a bank statement as evidence that she had paid her rent the month of the fire. The trial court refused its admittance because the evidence had not been provided to the prosecution in reciprocal discovery and its availability was not made known to the prosecution prior to the attempt to introduce it. Under RCr 7.24(9), this exclusion of evidence was proper and we do not find it to be reversible error.

Therefore, the Henderson Circuit Court is reversed and the matter is remanded for a new trial in accordance with the above ruling.

LAMBERT, LEIBSON, REYNOLDS and STUMBO, JJ., concur.

SPAIN, J., files a separate opinion concurring in part and dissenting in part which WINTERSHEIMER, J., joins.

SPAIN, Justice, concurring in part and dissenting in part.

Respectfully, I dissent from the reversal of the conviction and sentence. I nevertheless agree wholeheartedly that the Commonwealth's Attorney, in good conscience, should have recused from prosecuting this indictment because of his prior representation of the defendant in her bankruptcy case in his private practice. I am persuaded, however, that his failure to do so, under the circumstances of this case, was not sufficiently prejudicial to require reversal of the conviction and sentence.

First of all, the appellant made no pretrial motion to have the prosecutor recused, nor was there even an objection to his representation of the Commonwealth in the proceeding until his cross-examination of the appellant. Nothing had been introduced about the appellant's 1989 bankruptcy proceedings during the Commonwealth's case, nor until the appellant testified about it on direct examination. When an objection was raised during cross-examination, the Commonwealth's At-

torney responded to the court that the information was all a matter of public record. As such, there was no violation by the prosecutor of any attorney-client privilege, nor any misuse of privileged information by the prosecutor against his former client.

Considering these facts, and the strong case against the appellant, particularly through the testimony of her accomplice, Eugene Richardson, I would affirm the conviction and sentence.

WINTERSHEIMER, J., joins this concurring and dissenting opinion.