RENDERED: DECEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0560-MR

RODNEY BULLOCK                                            APPELLANT

v.                 APPEAL FROM KNOX CIRCUIT COURT
HONORABLE GREGORY A. LAY, JUDGE
ACTION NO. 18-CR-00195

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Rodney Bullock appeals the Knox Circuit Court's March 23, 2019 final judgment. He argues the circuit court erred: (1) by denying his motion for a directed verdict; and (2) by denying him the right to effectively cross-examine the prosecution's confidential informant. Finding no error, we affirm.

# BACKGROUND

Scott Smith worked with the Barbourville Police Department as a confidential informant. On July 16, 2018, Smith met with Officer Adam Townsley to work a drug case against Rodney Bullock. Officer Townsley searched Smith, equipped him with a recording device, and gave him thirty dollars to buy drugs from Bullock.

Smith drove to a gas station, followed by Officer Townsley in an unmarked vehicle. At the gas station, Smith met with Bullock and asked if he knew where he could purchase some drugs. Officer Townsley then observed Smith and Bullock driving away from the gas station parking lot and pulling into a nearby Little Caesars restaurant where Bullock sold Smith methamphetamine.

Immediately after the sale, Smith gave Officer Townsley the drugs and a full debriefing was conducted at the Barbourville Police Department. Bullock was indicted by the Knox County grand jury on trafficking in a controlled substance in the first degree.

At trial, the Commonwealth played the recording of the transaction, but the sound was muffled because Smith kept the device in his pocket. The jury heard testimony from Officer Townsley and other officers who were present. After the jury deliberated, they found Bullock guilty and recommended a ten-year

sentence.  The circuit court sentenced Bullock in accordance with the recommendation.  This appeal followed.

## ANALYSIS

First, we note that Bullock did not properly preserve his claim that the circuit court improperly denied his directed verdict motion.  Kentucky Rules of Civil Procedure (CR) 50.01[1] says that "[a] motion for a directed verdict shall state the specific grounds therefor."  In this case, Bullock's attorney moved for a directed verdict, stating only "[w]e take the position that the Commonwealth has not proved each and every element of this case."  (Video Record (VR) 2/13/2019; 1:30:55.)  This falls short of the requirement, under CR 50.01, to direct the court's attention to specific elements of the crime that the prosecution had not proved beyond a reasonable doubt.

In *Pate v. Commonwealth*, 134 S.W.3d 593 (Ky. 2004), the Supreme Court addressed the sufficiency of a similarly general directed verdict motion.  Defense counsel, at the close of the Commonwealth's case, said, "I make a motion for a directed verdict, Your Honor," which he repeated at the close of all evidence.  *Id.* at 597.  The Supreme Court said:

---

[1] "Rule 13.04 of the Rules of Criminal Procedure provides that 'the Rules of Civil Procedure shall be applicable in criminal proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure.'"  *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

These utterances were not sufficient. CR 50.01 requires that a directed verdict motion "state the specific grounds therefor[,]" and Kentucky appellate courts have steadfastly held that failure to do so will foreclose appellate review of the trial court's denial of the directed verdict motion. Accordingly, we find that the issue of whether the trial court erred in denying Appellant's directed verdict motion was not properly preserved for our review.

*Id.* at 597-98 (footnotes omitted).

On its face, Bullock's motion might appear less general than Pate's. Bullock's motion at least limited the grounds to the elements of the crime and excluded the ground that his "defense [wa]s of such probative force that in the absence of countervailing evidence the defendant would be entitled to a directed verdict of acquittal." *LaPradd v. Commonwealth*, 334 S.W.3d 88, 90 (Ky. 2011) (quoting Kentucky Revised Statutes (KRS) 500.070(1)). Still, *Pate* would control because the same could be said of his original motion; it preceded any defense he presented even though his second motion did not. The Supreme Court said neither of "[t]hese utterances" of Pate's counsel was sufficient.

Furthermore, cases involving appeals of the denial of a directed verdict motion reveal that the motion identified the specific element the defendant believed the Commonwealth failed to prove. *See, e.g., Murphy v. Commonwealth*, 509 S.W.3d 34, 45 (Ky. 2017) ("entitled to a directed verdict, as the prosecution failed to prove the element of forcible compulsion"); *Wilburn v. Commonwealth*,

-4-

312 S.W.3d 321, 325 (Ky. 2010) ("failed to prove that he was armed with a deadly weapon—an element necessary under the provision of the first-degree robbery statute Wilburn was charged with violating"); *McGuire v. Commonwealth*, 287 S.W.2d 917, 917 (Ky. 1956) ("entitled to a directed verdict of not guilty because the prosecution failed to prove there had been a 'breaking', an essential element of the crime").

Finally, Bullock's brief continues this lack of specificity. It does not identify any specific element he believes the Commonwealth failed to prove. Instead, he simply argues that he should not have been convicted "unless the prosecution proves every element in the offense charged" and "the prosecution fail[ed] to prove the elements of this offense . . . ." (Appellant's brief, pp. 3, 5.)

However, Bullock requested palpable error review in his reply brief. In *Commonwealth v. Jones*, the Supreme Court held that an appellant could request palpable error review in his reply brief. 283 S.W.3d 665, 670 (Ky. 2009). Therefore, this Court shall review Bullock's argument for palpable error under Kentucky Rules of Criminal Procedure (RCr) 10.26.

Under palpable error review, this Court may reverse the conviction if the denial of the directed verdict motion resulted in manifest injustice. *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). Manifest injustice is found only if

-5-

the error seriously affected the "fairness, integrity or public reputation of [the proceeding]." *Id.* at 4 (citation omitted).

After thoroughly examining the record, we conclude the circuit court did not commit any error, palpable or otherwise, in denying a directed verdict. The jury heard testimony from the investigating officers and the audio recording from the alleged drug deal. Smith also testified to Bullock's actions. We cannot say with any degree of certainty that it was clearly unreasonable for the jury to find guilt based on the evidence because the evidence amounted to more than a scintilla as to each element of the crime with which Bullock was charged. *See Perdue v. Commonwealth*, 411 S.W.3d 786, 790 (Ky. App. 2013).

The circuit court's order denying Bullock's directed verdict motion is affirmed.

Bullock also argues the circuit court erred by denying him the right to effectively cross-examine Smith. We review errors concerning limits on cross-examination for abuse of discretion. *Nunn v. Commonwealth*, 896 S.W.2d 911, 914 (Ky. 1995).

According to Bullock, his counsel wanted to elicit testimony that Smith was arrested a few months prior to trial for public intoxication, suggesting an improper motivation for cooperating with police and arranging drug buys to

further their investigations. Bullock believes proof of the arrest illuminated Smith's suspect background and credibility.

Bullock, in fact, was able to make some inroads to his effort, succeeding in cross-examining Smith as follows:

> Counsel: When was the last time you used methamphetamine?
>
> Smith: About three months.
>
> Counsel: So, three months ago, puts us about November, right?
>
> Smith: Mhmm.
>
> Counsel: You're not a saint are you, Steve?
>
> Smith: Who?
>
> Counsel: You.
>
> Smith: No.
>
> Counsel: You've done some things, haven't you?
>
> Smith: Sure.
>
> Counsel: Okay, and uh, you were arrested pretty recently, weren't you?
>
> Smith: A couple months, three or four months ago, maybe.
>
> Counsel: What were you arrested for?
>
> Smith: P.I.

(VR 2/13/2019; 1:10:39 – 1:11:09.)

At that point, the Commonwealth objected, arguing the line of questioning was irrelevant. Smith's arrests were inadmissible, said the Commonwealth, and Smith's other convictions were misdemeanors that were likewise inadmissible. The circuit court sustained the objection. We find no error here.

Bullock is correct that a criminal defendant has a constitutionally protected right to cross-examine witnesses for any potential bias or motivation in testifying. *Davis v. Alaska*, 415 U.S. 308, 316-17, 94 S. Ct. 1105, 1110, 39 L. Ed. 2d 347 (1974). However, it is well-established that the right is not unlimited, and trial courts "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435, 89 L. Ed. 2d 674 (1986); *see also Commonwealth v. Maddox*, 955 S.W.2d 718, 721 (Ky. 1997) ("[t]rial courts retain broad discretion to regulate cross-examination"). "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Van Arsdall*, 475 U.S. at 679, 106 S. Ct. at 1435

(emphasis in original) (citation omitted). "In defining reasonable limitations on cross-examination, this Court has cautioned: 'a connection must be established between the cross-examination proposed to be undertaken and the facts in evidence.'" *Davenport v. Commonwealth*, 177 S.W.3d 763, 768 (Ky. 2005) (quoting *Maddox*, 955 S.W.2d at 721). The trial court does not err by limiting evidence of potential bias when there is a lack of credible evidence supporting the inference. *Bowling v. Commonwealth*, 80 S.W.3d 405, 411 (Ky. 2002).

Our Supreme Court addressed this issue in *Davenport v. Commonwealth*. In that case, the appellant challenged the trial court's refusal to permit defense counsel to cross-examine a witness about his probationary status in an adjacent county as well as his pending misdemeanor charges in the venue county. The appellant maintained that the proposed cross-examination was necessary to impeach the witness's credibility by establishing the possibility that he may have cooperated with the police in anticipation of leniency regarding his probation and, more importantly, to establish that an even greater potential for bias existed given the two misdemeanor charges that were pending at the time of the trial. Here, Bullock takes the same approach as Davenport, claiming the exclusion of that testimony violated his Sixth Amendment right to cross-examine the prosecution's witnesses.

Upholding the trial court's decision in *Davenport*, the Supreme Court said:

> [A] limitation placed on the cross-examination of an adverse witness does not automatically require reversal: the "denial of the opportunity to cross-examine an adverse witness does not fit within the limited category of constitutional errors that are deemed prejudicial in every case." *Van Arsdall*, 475 U.S. at 682, 106 S. Ct. at 1437. Rather, a reviewing court must first determine if the Confrontation Clause has been violated. The [United States Supreme] Court explained:
>
>> While some constitutional claims by their nature require a showing of prejudice with respect to the trial as a whole, the focus of the Confrontation Clause is on individual witnesses. Accordingly, the focus of the prejudice inquiry in determining whether the confrontation right has been violated must be on the particular witness, not on the outcome of the entire trial . . . . We think that a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." Respondent has met that burden here: A reasonable jury might have received a significantly different impression of [the witness'] credibility had respondent's counsel been permitted to pursue his proposed line of cross-examination.

*Davenport*, 177 S.W.3d at 768 (quoting *Van Arsdall*, 475 U.S. at 680, 106 S. Ct. at 1435-36.

However, the *Van Arsdall* Court noted that any Confrontation Clause inquiry must be fact specific: "that on the facts of that case, the error might well have contributed to the guilty verdict." 475 U.S. at 683, 106 S. Ct. at 1437.

> While a witness's pending charges or probationary status alone may, in some cases, be a satisfactory basis upon which to infer bias, the facts in evidence here were simply insufficient to support the inference of Davenport's bias. Other than the plain fact of Davenport's probationary status, defense counsel offered no evidence whatsoever to support the claim that he was motivated to testify in order to curry favor with authorities. Nor was there any evidence that prosecutors had offered Davenport a "deal" for his testimony.

*Davenport*, 177 S.W.3d at 771.

We believe Bullock presented a "reasonably complete" picture of Smith's motivation. And, as in *Davenport*, the jury would not have received a "significantly different impression" of Smith's credibility had defense counsel been permitted to cross-examine him about his misdemeanors.

The jury heard that Smith was arrested for public intoxication before the Commonwealth could object. Additionally, the jury heard Smith admit to methamphetamine use. Bullock wanted to bolster Smith's testimony with evidence of arrests and misdemeanor convictions, but nothing in the record indicates he could present evidence Smith committed a felony. The evidence he wanted to

-11-

present is inadmissible under Kentucky Rules of Evidence (KRE) 609.

Furthermore, any "specific instances of the conduct of a witness, for the purpose of

attacking or supporting the witness' credibility, other than conviction of crime as

provided in Rule 609, may not be proved by extrinsic evidence."  KRE 608(b).

The exception to these rules for evidence specifically probative of the witness's

untruthfulness is inapplicable.  Bullock's counsel admitted the misdemeanors only

pertained to public intoxication or violence, not truthfulness.  On this record we

cannot say the circuit court abused its discretion in failing to allow Bullock to

address Smith's arrest or prior misdemeanor convictions.

## CONCLUSION

For the foregoing reasons, we affirm the Knox Circuit Court's March

23, 2019 final judgment.

DIXON, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Brandon N. Jewell
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General Of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky